## THE STATE OF VERMONT v. SAMUEL G. FISHER.

*Quo warranto to prevent a person from holding the office of justice and postmaster at the same time.*

The supreme court will not ordinarily interfere by writ of *quo warranto*, or otherwise, to prevent a person from holding the office and exercising the powers of a justice of the peace while he has the appointment of, and is acting as a postmaster.

If they would, the present proceeding could not be sustained, there being no proof that the respondent has acted as postmaster during the year for which he has been elected a justice.

INFORMATION, by the state's attorney of the county, setting forth that the respondent was holding and exercising the office of postmaster in the town of Orange, being an office of profit and trust by and under the authority of the congress of the United States, and that he had been elected to, and was holding and exercising the office of justice of the peace for the county of Orange, being a judiciary office, under the authority of this state, for the year commencing December 1st, 1855; and praying the consideration of the court in the premises, and that due process of law might be awarded against the respondent, to answer by what warrant and authority he claimed to hold, exercise and enjoy the last named office.

A copy of the respondent's commission, as postmaster, certified by the postmaster-general of the United States,—a certificate from the secretary of state of Vermont, showing the election of the respondent as a justice of the peace, and an affidavit showing that he had acted as a justice were filed in evidence.

*A. Howard, Jr.*, state's attorney, in support of the motion.

I. The constitution of this state, part 2, § 26, declares that " no person holding any office of profit or trust under the authority of congress, shall be eligible to any appointment in the legislature, or of holding any executive or judiciary office under this state."

The office of postmaster is an office both of profit and trust, under the authority of congress, and the office of justice of the peace is a judiciary office under this state. Most of his powers and duties are of a judicial nature, and concern the administration of justice. *McGregor* v. *Balch et al.*, 14 Vt. 428.

II. *Quo warranto* is the only way to remove any one who has usurped, and is unlawfully holding and exercising any office under this state. *Mc Gregor* v. *Balch,* 14 Vt. 428 ; 3 U. S. Dig. 311 ; 2 N. Y. Dig. 264 ; Big. Dig. 406 ; 1 Swift's Dig. 567.

————— ———— for the respondent.

By the court, Redfield, Ch. J. This is a petition by the state's attorney for leave to file an information, in the nature of a *quo warranto,* against the respondent, for exercising the functions of the office of justice of the peace and postmaster at the same time.

The proof shows that he was elected justice of the peace for the county of Orange, for the present year, and is acting as such, and that he was appointed postmaster, and accepted the office in April, 1852, but there is no distinct proof of his having acted as such since the first of December last, and upon this ground alone we should be compelled to dismiss the petition.

But as this is a defect readily supplied, we ought to say perhaps, that we should still decline to interfere.

We regard this proceeding, like writs of mandamus and other prerogative writs, as resting altogether in discretion, and there are many reasons why we should not interfere.

1. The office is of very small importance, there being nearly two thousand in the state.

2. It is but for one year, and in Massachusetts, and some other states perhaps, the supreme court refuses to interfere by writ of *quo warranto,* upon that ground alone ; the time being scarcely sufficient to determine the case, before the office will expire, and in the present case, the term is already considerably abridged.

3. Here is no other person who complains of being deprived of the office which is exercised by the respondent.

4. The objection is of no considerable practical importance. It may be, and probably is a technical objection. But it is in vain to argue that the objection is really of any practical weight. It might have been deemed important when it was first adopted, before the working of the general and state governments had become fully understood, and it might now be viewed of more weight in reference to

offices of mere emolument, but in fact, a man's fitness to act as justice of the peace is very little affected by any amount of patron-age or emolument resulting from the office of postmaster in any town in this county. And if the people choose to elect one a jus-tice under such circumstances, I should hardly think it a proper occasion to interfere and save them from a technical violation of their state constitution.

If this were a case seriously affecting public interests or private rights, or where others claimed to be deprived of office by the usurpation, or where the rights of great moneyed corporations, as to their management and control, were seriously brought in ques-tion, and large pecuniary interests were involved, or the quiet of a large district depended upon the legal determination of the ques-tions at issue, we should not hesitate to interfere and settle such questions, as we did in this county upon a former occasion, and have since done in another county. But nothing of this kind exists in the present case. The purpose to be accomplished is, in our judg-ment, quite too insignificant to justify the resort to any such pre-rogative suspension and control by this court.

Petition dismissed.