The State of Texas v. J. C. De Gress.

No. 6735.

1.  Quo Warranto.—The District Court under the Constitution does not have jurisdiction to try the right to an office unless the office, the matter in controversy, exceeds five hundred dollars in value.

2.  **Forfeiture.**—Forfeiture is where a person loses some right in consequence of having done or omitted to do some act, and in the case where the disqualification to take the office is set up it seems that the District Court could not entertain the case under the power to hear "all suits in behalf of the State to recover forfeitures," etc.

3.  **Statute Construed.**—The Act of July 9, 1879, can not be held as effective to enlarge the power given the District Courts by the Constitution.

4.  **Power of City Council.**—It seems that the power of the city council to pass upon the election and qualification of its members is conclusive when exercised.

APPEAL from Travis.   Tried below before Hon. J. C. Townes.
The facts are given in the opinion.

*J. S. Hogg*, Attorney-General, for State. — 1.   No person who holds or exercises any office of profit or trust under the United States is eligible to or can hold or exercise any office of profit or trust under this State. Officers not eligible.   Const., art. 16, sec. 12.   Army officers receive pay. U. S. Rev. Stats., sec. 1261.   Retired officers remain in military service of the United States.   Tyler's case, 105 U. S., 244.   An officer on the retired list in the army holds a lucrative office within the meaning of the constitutional inhibition against holding two offices of profit or trust under the State or United States, and the office of mayor can not be held by such an army officer.   De Gress case, 53 Texas, 387.

2.   The city government was created by the authority of Texas, can be changed or abolished by her Legislature, and the corporation, together with each of its officers, subsist by consent of and under the State. Power of State to erect or abolish municipal corporations.   1 Dill. Munic. Corp., sec. 54.   Their main object is to act as administrative agencies of the State for the public good.   Id., sec. 100.

Municipal officers held to be civil officers under the State.   Missouri v. Amadee Valle, 10 Whit. (Mo.), 29; also see De Gress case, 53 Texas, 387.

3.   An officer on the retired list of the United States Army holds an office of profit under the general government, is subject to the rules and articles of war and to the control of Congress, is in the military service of the United States and is not subject to the laws of the State in the ordinary affairs of a citizen, and can not hold any office of trust or profit under the State government.   Rights and liabilities of retired army officers.   U. S. Rev. Stats., sec. 1265.   May be assigned to duty.   Id., sec. 1259.   Receive pay.   Id., 1274.   Rank and pay of subject to control of Congress.   Wood v. United States, 107 U. S., 414;  State v. De Gress, 53 Texas, 387.

The court erred in the fifth conclusion of law found in holding that the respondent De Gress was not disqualified from voting and being a citizen of this State under the Constitution, he being an officer on the retired list of the army of the United States and was not "employed" in the army of the United States in the sense of the word "employed" as

used in the Constitution of this State, and was eligible to hold said office of alderman because the charter of said city provides, as found by the court, "that no person shall be a member of the city council unless he be a citizen of the State of Texas," and the said respondent De Gress is not, never has been, and so long as he remains in the army of the United States, as found by the court in the sixth paragraph of findings of facts, can not become a citizen or voter in this State, and therefore was ineligible to hold said office of alderman.

All soldiers employed in the service of the army of the United States are disqualified from voting. Art. 6, sec. 1, Const. "No person belonging to the regular army of the United States can vote in city election." Rev. Stats., art. 348. "The army of the United States shall consist of one general, * * * the officers * * * on the retired list," etc. U. S. Rev. Stats., sec. 1094. "No person shall be a member of the city council unless he be a citizen of the State of Texas." City Charter, sec. 3. Citizen: One who under the Constitution and laws of the United States has a right to vote for public officers and who is qualified to fill offices in the gift of the people. 3 Story on Const., 1 ed., 1687.

*John B. Rector* and *Geo. F. Pendexter*, for appellee.— 1. The office of alderman was the matter in controversy, and it being merely a position of trust, and not of the value of five hundred dollars, the District Court did not have jurisdiction. Jennett v. Owens, 63 Texas, 261, and authorities there cited.

2. The action of the city council in declaring respondent elected to the office of alderman was conclusive, and the District Court had no jurisdiction over the matter thus adjudicated. The city council shall judge of the election returns and qualification of its own members. See Gen. Laws 1883, 36; Seay v. Hunt, 55 Texas, 545; Fort Worth v. Davis, 57 Texas, 225.

3. The office of alderman of the city of Austin is not an "office under the State" within the meaning of section 12, article 16, Constitution of Texas. State v. Brinkerhoff, 66 Texas, 45; Britton v. Steber, 62 Mo., 370; 52 Ind., 599; State v. Kirk, 44 Ind., 401; State v. Wilmington City Council, 3 Harrington, 294; State v. Montgomery, 25 La. Ann., 140; 15 La. Ann., 598; State v. Blanchard, 6 La. Ann., 516; People v. Provines, 34 Cal., 520; Santo v. State, 2 Iowa, 160–220.

4. The appellee is not a "soldier employed in the service of the army of the United States," and is not prohibited from voting by section 1, article 6, of the Constitution of Texas. Section 1, article 6, Constitution of Texas, declares that among others the following persons shall not be allowed to vote, viz.: "All soldiers, marines, and seamen employed in the service of the army or navy of the United States." Hunt v. Richards, 4 Kan., 549. Article 1259, Revised Statutes United States, pro-

vides:  "Retired officers of the army may be assigned to duty at the Soldiers' Home upon a selection by the commissioners of that institution, approved by the Secretary of War, and a retired officer shall not be assignable to any other duty."

GAINES, ASSOCIATE JUSTICE.—This proceeding was commenced in the court below by an information in the nature of a quo warranto filed by the district attorney of the Twenty-sixth Judicial District upon relation of C. E. Fisher, for the purpose of determining whether or not the respondent, who is appellee here, is qualified to hold the office of alderman in the city of Austin.

The judge below, to whom the case was submitted without a jury, entertained jurisdiction of the cause, but held that under the facts in evidence the respondent was not disqualified to hold the office.

It was alleged in the petition that the office of alderman in the city of Austin was one of trust, but it was not alleged to be one of any value. The trial judge found that there was no salary attached to the office.

Appellee by his counsel submits that the court did not have jurisdiction to hear and determine the case.  In The State v. De Gress, 53 Texas, 387, which was a quo warranto proceeding against this same respondent to determine his qualification to hold the office of mayor of the same city, it appeared that the value of the office was more than $500 and it was held that the court had jurisdiction.  The decision, however, was placed distinctly upon the ground that it came under that clause of section 8 of article 5 of the Constitution which conferred upon the District Courts the power to determine all suits where the value in controversy shall exceed the sum above named.  This may now be considered settled law. State v. Owens, 63 Texas, 261.  The learned judge who delivered the opinion in the case first cited (State v. De Gress) very clearly saw the difficulty that would have been presented if the question in that case had not been determined by the amount in controversy.  But it is intimated in that opinion that if the question had not been so determined the court in order to maintain the jurisdiction may have felt constrained to hold that it was conferred by that clause of the section of the Constitution before cited which gives the District Court power to hear "all suits on behalf of the State to recover  *  *  *  forfeitures."  *  *  *  But it does not seem to us that the language of the Constitution warrants such a conclusion.  "Forfeiture is where a person loses some property, right, privilege, or benefit in consequence of having done or omitted to do a certain act."  1 Rapalje & Lawrence's Law Dic., 535.  It implies that a right once existed which has been lost.  But when it is attempted to try the title to an office on the ground of the disqualification of the incumbent it is not claimed that a right to office has been lost but that it never existed.  We conclude therefore that the jurisdiction of the court below

over the subject matter of this suit can not be maintained upon the ground that it is to recover a forfeiture on behalf of the State.   Nor is there any other provision in section 8 of article 5 of the Constitution which gives this jurisdiction.

But it must be conceded that the Act of July 9, 1879, confers the jurisdiction, provided the Legislature had the power under the Constitution to confer it.   2 Sayles's An. Rev. Stats., art. 4098*i*.   It may be plausibly argued that this jurisdiction not having been granted by the Constitution to any other tribunal and there being no express inhibition against conferring upon the District Court power to hear and determine any cause, it was competent for the Legislature to give these courts·the power to try the title to an office by the writ of quo warranto, although its value should not exceed $500.   But we understand the former decisions of this court to announce a contrary doctrine, and to hold that the jurisdiction of the District Courts is confined to the cases defined in the Constitution, and that the Legislature can not confer upon them additional powers.

In Ex Parte Towles, 48 Texas, 413, Chief Justice Roberts says:   "It was certainly the object of the framers of the Constitution to mark out a complete judicial system by defining generally the province of each of the courts by reference to the objects confided to the action of each and the relation of each to the others.   To that extent it must be held permanent and not subject to change by the action of the Legislature, except as a change may have been provided for.   This is plainly though incidentally indicated by a special provision for a change in the jurisdiction of the County Court.   Const. 1876, art. 5, sec. 22."

The language of Chief Justice Moore in Williamson v. Lane, 52 Texas, 335, is to the same effect, and is not less clear and emphatic.   It is true that these cases involved a different question from that before us, and that the decisions were placed upon the broader ground that the proceedings under consideration being to determine the result of election as to the removal of county seats were not suits within the meaning of the Constitution.   It is also true that this is a suit, and that therefore the cases are distinguishable from this.   But we understand the construction placed by the court upon the Constitution in those cases to be that the Legislature could not add to the jurisdiction conferred by it upon the District Court.   The case of The State v. Owen, *supra*, is not in conflict with this view.   There the relator pursued a new remedy provided by the Legislature for trying the title to an office.   The value of the office being over $500, the District Court had jurisdiction of the subject matter and could hear and determine a suit brought either under the quo warranto act or any other recognized form of action for trying a title to it.   The decision in the case is expressly based upon the ground that the amount in controversy conferred the jurisdiction.

It may be urged that public policy demands that we should uphold the·

jurisdiction of the District Courts in this class of cases, provided the Constitution can be reasonably construed to admit it. The argument is legitimate. When the meaning of a written law is doubtful it should have that construction which seems best calculated to promote the public interest, upon the theory that its framers so intended.

It is not clear to us, however, that the framers of the Constitution should be deemed to have considered that the public interests would be subserved by permitting jurisdiction over these cases to be conferred upon the District Courts. It is said by a recent text writer:

"While therefore the sovereign authority has the unquestioned right to call any person to account for exercising without authority the functions of any office of a public nature however small, yet the courts are averse to allowing the information to be filed in the case of petty offices of little importance." High on Ex. Legal Rem., sec. 628, citing State v. Fisher, 28 Vt., 714.

By section 1 of article 5 of the Constitution the power is given to the Legislature to create courts other than such as are named in that section. The findings of the court in this case show that by the charter of the city of Austin granted by the Legislature the city council are made the judges of the qualifications and elections of its members, and have the power to determine contested elections of all city officers. We can not say but the framers of the Constitution may reasonably have concluded that as to the right to an office the value of which does not exceed $500 the public interests would be best promoted by leaving its determination to such special tribunals as the Legislature might create or designate for the purpose.

We conclude that the District Court did not have jurisdiction of this case, and therefore the judgment is reversed and the cause dismissed at appellant's costs.

*Reversed and dismissed.*

Opinion December 7, 1888.