Case 84.—ACTION BY E. H. TAYLOR, JR., FOR AN INJUNC-
    TION AGAINST THE DEMOCRATIC COMMITTEE OF
    ·FRANKLIN COUNTY TO COMPEL THEM TO HEAR HIS
    CONTEST.—June 6.

## Taylor, Jr. v. Democratic Committee of Franklin County.

Appeal from Franklin Circuit Court.

ROBERT L. STOUT, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

Primary Elections—Contest — Notice—Committeeman—Disquali-
    fication—Other Bias—Governing Authority—Discretion—In-
    terference by Court.

1. Primary Elections—Contest—Notice—Under sec. 1596a, sub-sec. 12, Ky. Stats., primary election contests for members of the General Assembly are governed by the former law, approved June 30, 1892, which requires only a fifteen days' notice of the contest.

2. Committeeman—Disqualification—Under the rule of the common law, that no man may be a judge in his own case, and, if he acts, the judgment is void, a brother of one of the parties to an election contest is not qualified to sit as one of the committeemen in the trial of a primary election contest.

3. Other Bias—The fact that the seats of one or more members of the committee are contested does not disqualify them from acting in other contested cases, so long as they are members of the committee. If the contests are decided against them, then their powers cease, but until then their powers are not affected by a contest.

4. Same—The fact that certain members of the committee are friends of one of the parties to the contest and induced voters to vote for him in the primary, in the absence of any statute disqualifying them, are not disqualified on common law principles, as they act under oath, and are responsible if they do not act honestly and faithfully.

5. Governing authority—Discretion—Interference of Court—This court has no authority to require the committee to recount the vote. They are the governing authority, and may determine the form and manner of the proceedings in the case. While the court may require them to act, the court can not control their discretion. This must be exercised under their oath and according to their honest judgment.

JOHN W. RAY and HAZELRIGG & HAZELRIGG for appellant.

POINTS AND AUTHORITIES.

1. The common-law writ of certiorari exists in this State as at common law to review the action of any judicial or quasi-judicial body whose action is not according to the common law, where there is no other right of review given by statute. (Ency. Pl. & Practice, vol. 4 (title "Certiorari"), pp. 86-7, especially 107; Cyc., vol. 6, (title "Certiorari"), pp. 750-1-2-3-4-5; Spelling Extraor. Remedies, vol. 2 (title "Certiorari"), secs. 1969, 1890-1-2-3; Alderson v. Commissioners, 31 W. Va., 633; Chenowith v. Commissioners, 26 W. Va., 230; Commonwealth v. Ramsey, 166 Pa. St., 642.)

2. There is no appeal from the findings of a contest before

Taylor, Jr. v. Democratic Committee of Franklin County.

the county committee, and the law must afford a remedy, which is certiorari. (Beasley v. Adams.)

3. Mandatory injunction is the proper remedy to compel the counting of the ballots and the trial of a contest, upon the allegation of fraud and that notice of a contest had been given. The county committee may be compelled to act as a board of contest. (Henry, Chairman v. Secrest, 24 Ky. Law Rep., 1505.)

4. Absolute power does not exist in the county committee to determine who is the party candidate, and entitled to go on the official ballot. (Bill of Rights, sec. 2, Constitution.)

5. The original ballots should have been ordered to be used as evidence on the issue as it was shown by proof that they were intact and had not been disturbed since the election. Had actually been under guard and are yet. (Edwards v. Logan, 70 No. 2 Rep., 852.)

WM. CROMWELL, McQUOWN & BROWN and J. A. VIOLETT for appellee.

1. In the certiorari case we submit that the petition is defective for the reason that it does not demand the specific relief the plaintiff considers himself entitled to, as required by sec. 90, Civil Code of Practice.

2. The decision of the contest committee is final (sec. 1563, Ky. Stats., and Beasley v. Adams, 26 Ky. Law. Rep., 573); this being the case, the circuit court has no jurisdiction of this action.

3. Section 966, Ky. Stats., provides that: "The circuit court has exclusive jurisdiction of all matters in law and equity of which jurisdiction is not exclusively delegated to some other tribunal."

4. Equity has no inherent power to try contested elections. (Paine on Elections. p. 785.)

5. The Supreme Court has no power to issue a writ of certiorari to a board of commissioners of election which is not a court within the meaning of the Constitution. (Paine on Elections, p. 785.)

6. A writ of certiorari is a common law writ issued not as a matter of right, but in the discretion of the court.

7. The governing authority of a political party is, by statute, given the exclusive jurisdiction to determine contests for party nominations, and the courts of the State can not review the action of such committee when it has once acted.

8. If any member of a political committee acts corruptly in holding a primary election, or in determining a contest before the committee of which he is a member, he is amenable to the law as provided in Ky. Stats., sec. 1563.

### AUTHORITIES CITED.

Civil Code of Practice, sec. 90; Ky. Stats., secs. 1563, 966, 1453, 1482; article 12, sub-sec. 12, sec. 1596a; Beasly v. Adams, 26 Ky. Law Rep., 573;· Paine on Elections, pp. 785, 684; Birdsall v. Phillips, 17 Wend., 468; McCrary on Elections, sec. 379; Dickey v. Reed, &c., 78 Ill., 226, 227; Batman v. Megowan, 1 Met., 533, 539; Stive v. Berry, 16 Ky. Law Rep., 280; Colley v. Fitzgerald, 45 Mich., 2; Sharp v. Pike, 5 B. Mon., 155; 6 Amer. & Eng. Ency., 961; Montgomery v. Chelf, 26 Ky Law Rep., 1749; Ex parte Winherly, — Miss., —; Taylor v. Beckham, 21 Ky. Law Rep., 1749; Galloway v. Bradburn, 26 Ky. Law Rep., 985; Edwards v. Logan, 24 Ky. Law Rep., 1103, 1104; Commonwealth v. Peters, 4 Bush, 403; Black on Judgments, vol. 1, sec. 21; Commonwealth v. Ramsey, 166 Pa. St. Rep., 644; Spelling on Extraordinary Remedies, 1969, 1921, 2022; Commonwealth v. Combs, 27 Ky. Law Rep., 750; Cain v. Page, 19 Ky. Law Rep., 977; Moody v. Trimble, 22 Ky. Law Rep., 692; Davis v. Hambrick, 22 Ky. Law Rep., 815; Phelps v. Piper, 33 L. R. A., 55.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

E. H. Taylor, Jr., and L. F. Johnson were candidates for the Democratic nomination for the office of Representative in the General Assembly at a primary election held on November 15, 1904. On the face of the returns, Johnson received a majority of four votes. A certificate of nomination was issued to him by the committee on November 19th, and on November 30th Taylor gave notice of contest. The committee refused to consider the contest on the ground that it had adopted a resolution limiting the time for beginning a contest to 10 days, and that, Taylor's notice not having been given in time, they could not consider it. Taylor then brought this suit against the committee to obtain a mandatory injunction requiring them to meet and hear the contest. The circuit court dismissed his petition, and he appeals.

It was held in Hill v. Holdam, this day decided, that the time within which a contest must be begun is regulated by the statute. The resolution of the

committee fixing a different time from that allowed by law was therefore void. The act of October 24, 1900 (see sec. 1596a, subsec. 12, Ky. Stats., 1903), excepts from its provisions contest for the office of Representative in the General Assembly, and so these contests are governed by the former law, which provides that in case of a Senator or Representative the notice of the contest must be given within 15 days. (See sec. 5 of art. 8, p. 148, c. 65, of the act to regulate elections, approved June 30, 1892.) So far as members of the General Assembly go, contests are regulated by the former law; and, as notice was given in this case within 15 days, it was in time.

Taylor alleged in his petition that one of the defendants (George Johnson) is a brother of the contestee, L. F. Johnson, and is thereby disqualified from acting in the trial of the contest. The rule of the common law is that no man may be judge in his own case, and if he acts the judgment is void. (Cooley on Constitutional Limitations, side page 411; 17 Am. & Eng. Ency. of Law, p. 732.) The rule applies not only to judges, but also to executive or ministerial officers. Thus it has been applied to probate judges (Sigourney v. Sibley, 21 Pick, 101, 32 Am. Dec., 248); also to county commissioners laying out a highway (Wilbraham v. County Commissioners, 11 Pick., 322), or to jurors (Davis v. Allen, 11 Pick., 466, 22 Am. Dec., 386), or to appraisers of land sold under execution (Wolcott v. Ely, 2 Allen, 338), or to a referee (Strong v. Strong, 9 Cush., 560). There are many other cases in which the principle has been applied. (23 Am. & Eng. Ency. of Law, 370; Hall v. Thayer, 7 Am. Rep., 513; Lillard v. Lillard, 44 Ky., 340; Knott v. Jarboe, 58 Ky., 504; Phillips v. Tucker, 60 Ky., 69.) Under these principles, the brother of the contestee is not qualified to sit.

Appellant also alleged that three members of the committee were contestees in a contest over their right to be committeemen.  This would not disqualify them from acting.  They may act as long as they are members of the committee.  If the contests are decided against them, then their powers cease, but until then their powers are not affected by a contest.  He also alleged that two other members of the committee were friends of Johnson, and on the day of the election, by money and promises of other things, induced voters to vote for Johnson and against him.  While this might create some bias in their minds, in the absence of any statute disqualifying them from acting, they, having no direct interest in the proceeding, and not being kin to either of the parties, are not disqualified upon common-law principles.  The allegations as to the use of money or the promise of other things to influence votes were denied, and are not proven.  In heated elections, most men in the county take sides, and, if the fact that they did so was sufficient to disqualify them, few members of the committee in many cases could act.  They act under their oaths, and are responsible under the statute if they do not act honestly and faithfully.

Section 1563, Ky. Stats., 1903, on this subject, provides: "Before entering upon the discharge of the duties set forth in this article, the committee or governing authority shall be sworn by some officer authorized by law to administer an oath to faithfully and honestly discharge the duties herein imposed; and the failure upon the part of any member of the committee or governing authority to discharge such duties faithfully and honestly shall be deemed a misdemeanor, and the persons so offending shall, upon indictment and conviction in the circuit court of the county or district, be fined not less than one hundred

($100) dollars nor more than five hundred ($500) dollars, and be imprisoned in the county jail not less than sixty days nor more than one year.''

Among other things, Taylor alleged that he had been in fact elected, and prayed the court to re-count the vote, and so determine. This can not be done. The governing authority of the party, under the statute, is given authority to hear and determine the contest. The committee may also determine the form and manner of the proceedings in the case. It is its duty to receive legal evidence, and to give it such weight as, in their judgment, faithfully and honestly exercised, it is entitled to. The court can require the committee to act, and when they act the law requires of them that they shall faithfully and honestly discharge their duties. In acting they are discharging official duties, and should discharge them according to law. While they may be compelled by the court to act, the court can not by mandamus or mandatory injunction control their discretion. This they must exercise under their oath of office, and according to their honest judgment.

Judgment reversed and cause remanded for further proceedings consistent herewith.

Judge Paynter not sitting.