Case 21.—ACTION BY J. V. UPINGTON AGAINST W. C. G.
HOBBS AND OTHERS FOR AN ADJUDICATION AS TO
WHICH OF FIVE PERSONS WAS ENTITLED TO THE
LONG TERM AS A MEMBER OF THE BOARD OF ALDER-
MEN OF THE CITY OF LEXINGTON,—October 10.

## Hobbs, &c. v. Upington.

### Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Af-
firmed.

1. Municipal Corporations—Board . of Aldermen—Election—Term
of Office—Determination by Board—Where there was a short
term to be filled in one of the offices of the board of aldermen
of a city at an election, caused by the resignation of a former
member, and at an election of five members of the board, con-
sisting of eight, by an oversight it was not indicated which
of them was to fill the short term, and the mistake was not
discovered until all of them had been elected, when all
claimed a full term, none of the members so elected was
competent to vote in the determination of which of them took
the short term, under a provision of the city charter that
the board should determine the election and qualification
of its members.

2. Constitutional Law—Vested Rights—Public Office—The power
lodged in the board of aldermen of a city to determine the
election and qualification of its members does not authorize
them to take from a member without right an office into
which he has already been inducted under a previous board,
and to which he has a vested right.

3. Municipal Corporations—Board of Aldermen—Election—Term
of Office—Determination—Power of Mayor—Where five alder-
men of a city were chosen at an election, and by an over-
sight it was not indicated which of them was to fill the
unexpired term of a member who had resigned, the mayor
of the city had no authority to determine the matter.

4. Same—Remedy—Casting Lots—Where five members of a

Hobbs, &c. v. Upington.

city council were chosen at an election, and by an oversight it was not indicated which of them was to fill an unexpired term, the proper way of settling the dispute as to which should take the short term was to cast lots.

5. Same—Estoppel—Where one of the members of a board of aldermen, in order to settle a dispute as to which of five members chosen at an election should take a short term arising from a vacancy, agreed to take such term if he was elected president of the board, and thereby prevented the question being determined by lot, he was estopped, after the expiration of the short term, to claim the long one.

6. Same—Public Policy—Five members of a board of aldermen having been elected without designating which of them was to fill a short term, an agreement between them by which one of their number consented to take the short term in consideration of being appointed president of the board was not contrary to public policy.

HOBBS & FARMER and R. L. GREENE for appellant.

POINTS CONTENDED FOR.

1. The Legislature having delegated to council of cities of the second class the power to determine the election and qualification of its members, and that board having ascertained and determined that fact, the action of the board is final, and the circuit court has no jurisdiction to pass upon the matter.

2. The petition of the plaintiff stated no cause of action, and the demurrer should have been sustained.

3. That the court below erred in refusing appellant's motion for peremptory instructions as the proof shows the board acted upon and determined the question in controversy, and said court had no jurisdiction; also that there was a variance between the allegations of the petition and proof.

4. No binding contract can be made in reference to a public office.

5. There was no "election."

GEO. B. KINKEAD for appellee.

1. We contend that jurisdiction in this matter being originally in the courts, is never taken away except by an express statute, and that the authority of the board of council under its charter merely offers a cumulative tribunal and not an exclusive one; that is to say, that the jurisdiction of the courts remain unless it appears unequivocally that the Legislature intended to take it away.

2. Where five members of the board were elected to fill four full terms an'd one vacancy, neith'er one of the five having been designated for the vacancy, and all five claiming full terms, where to solve the problem it was agreed by all five of them, at the suggestion of appellant, that he would accept the short term if the board would elect him its president for said term, which was done, such an agreement was valid and binding on appellant and can not be said to be against public policy.

`3. If public policy enters into the matter at all, it should be on the side of right, to make faithless men adhere to their solemn obligations.

### AUTHORITIES CITED.

Taylor v. Beckham, 21 Ky. Law Rep., 1735; Batman v. Megowan, 1 Met., 533; Stine v. Berry, 96 Ky., 63; Charter cities of Second Class, Ky. Stats., 3043; Ky. Stats.,1532; Acts 1901, sec. 79; 1 Dillon on M'unic. Corp., sec. 202, an'd cases cited in note, especially In re Heath, 3 H|all [N. Y.], 52; State v. Fitzgerald, 44 M'o., 426; State v. Funk, 17 Iowa, 365; State v. Wilmington, 3 Harring, Del., 294; 1 Dillon, sec. 203; People v. Hall, 80 N. Y., 117; McVeaney v. Mayor, &c., of New York, 80 N. Y., 185; Attorney General v. Corporation of Pool, 4 Mylne & Cr., 17; Attorney General' v Aspinwall, 2 Mylne & Cr., 613; Doran v. DeLong, 48 Mich., 552; 2 Dillon on M'unic. Corp., sec. 891; Coke Inst., 199, chaps. 20-24; Rex v. Morely, 2 Burr., 1040; People v. B. & R. T. Road, 23 Wend., 222; Lawton v. Commissioners, 2 Caines, 181; Dudley v. W'eston, 3 N. Y., 9; State v. Fitzgerald, 44 Mo., 425; Hummer v. Hummer, 3 Greene [Iowa], 42; Wammack v. Holloway, 3 Ala., 31; Murfree v. Leeper, 1 Overt. [Tenn.], 1; Burginhofen v. Martin, 3 Yeates [Pa.], 479; Commonwealth v. M'cCloskey, 2 Rawl., 369.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

The board of aldermen of the city of Lexington consists of eight members, four of whom are elected annually for a term of two years. On March 19, 1902, E. W. Shanklin, whose term expired on December 31, 1903, resigned, and E. J. Allen was appointed to fill the vacancy, his appointment expiring at the November election, 1902. At that election W. D. Wilson, E. J. Allen, R. A. Downing, John V. Upington and W. C. G. Hobbs were nominated and elected as aldermen, but by an oversight it was not indi-

cated which of them was to fill the unexpired term
of Shanklin, and this mistake was not discovered
until after the election, when all of them claimed
the full term, and no one was willing to take the
short term.   There was considerable discussion as
to what should be done, and finally a meeting was
held at which the five men and John L. Barclay,
Hobbs then proposed as a settlement of the diffi-
culty that, if they would elect him president of the
board, he would take the short term, as he did not
who was also one of the aldermen, were present.
care to be a member of the board for longer than
a year and had other aspirations in view which the
presidency of the board might tend to promote. The
clay was made chairman and Wilson secretary.
The meeting was called to settle the difficulty. Bar-
proposition was unanimously agreed to, and was
carried into effect by the election of Hobbs as presi-
dent when the board was organized in January,
1903.   Allen was advised that, if he acted as alder-
man after the November election, it might be re-
garded that he had elected to take the short term,
so he did not act with the board between the No-
vember election and the 1st of January, and to fill
the vacancy thus created until the 1st of January
one Morgan was appointed, who acted as a member
1903, four new aldermen were elected, and when the
new board came to organize in January, 1904, Hobbs
denied having agreed to take the short term, and
the new board thereupon adopted a resolution, re-
citing in effect that as Upington had received the
lowest number of votes, he was elected for the short
new board organized in January.   In November,
term; and thereupon Upington was no longer rec-
ognized as a member of the board.   The mayor

also sent the board of aldermen a communication in which he recognized the other four members as the holding over aldermen. Upington then filed this action against Hobbs, Wilson, Allen and Downing, praying that Hobbs be required to abide the election which he had made to take the short term and that Upington be adjudged entitled to the seat for the long term. An answer was filed controverting the allegations of the petition. The case was tried by a jury. The proof showed the facts above stated. Hobbs did not testify on the trial. The court gave the jury the following instruction: "If the jury believe from the evidence that by an agreement between the plaintiff, J. V. Upington, and the defendants, W. C. G. Hobbs, R. A. Downing, E. J. Allen and G. D. Wilson, said Hobbs agreed that, if elected president of the board of aldermen of the city of Lexington, he, the said Hobbs, would accept the office of member of the board of aldermen of said city for the term ending with the 31st day of December, 1903, and if the jury further believe from the evidence that said Hobbs under said agreement was elected to, and did hold, the office of president of the board of aldermen of said city, the jury should find for the plaintiff. And unless the jury do so believe from the evidence, the jury should find for the defendant." The jury found for the plaintiff, and, the court having entered judgment in his favor, the defendants appeal.

The charter of Lexington provides in substance that the board of aldermen shall determine the election and qualifications of its members, and it is insisted for the appellants that, the board having determined that Upington took the short term, the courts are without jurisdiction in the premises. The difficulty with this position is, that in order for

the board to act, it must have had a quorum com-
petent to act.   Hobbs did not vote upon the resolu-
tion, upon the idea that he had no right to vote in
his own case.   But Downing, Wilson and Allen had
no more right to vote upon the resolution than Hobbs
or Upington; for the board had as much right to
determine that any one of them took the short term
as it had to determine that Hobbs or Upington
took it.   In determining a matter of this sort the
board acts in a quasi judicial capacity, and no man
can vote in his own case in a matter of this sort.
(Taylor v. Democratic Committee, 120 Ky., 672, 87
S. W., 786, 27 Ky. Law Rep., 1064.)  It follows that
there was no quorum of the board of aldermen who
could properly vote on the resolution, and, there
being. no quorum the resolution is not the valid
act of the board of aldermen, and is not binding.
Not only so, but the rights of the parties were fixed
before the board organized and were vested.   The
power lodged in the board of aldermen by the stat-
ute to determine the election and qualifications of
its members does not authorize them to take from a
member, without right, an office into which he has
already been inducted under a previous board, and
to which he has a vested right.   The courts may pro-
tect such a vested right, no less than any other prop-
erty right which may be violated.

The mayor was given no authority to settle the
matter.   His message recognizing four persons as al-
dermen added nothing to their rights.   When the
election was held in 1902, and five men were elected,
without any indication as to which was to have the
short term, the fact that Upington had received
less votes than any of the other four was no reason
for assigning him the short term.   The proper way
of settling the dispute as to who was to take the

short term would have been to cast lots. This, no doubt, would have been done, but for the fact that Hobbs agreed to take the short term if they would elect him president. By making this agreement he obtained the office of president and prevented the question being settled by lot as to who should have the short term. When he thus agreed to take the short term, and prevented the question being settled by lot, he is estopped, after the expiration of the short term, to claim the long term. The agreement between the five men as to which should take the short term violated no public policy. On the other hand, the law favors the settlement of disputes. Hobbs, having agreed to take the short term, must abide his agreement, just as he would have been compelled to abide an agreement to determine the matter by lot, if in the drawing he had drawn the short term.

Judgment affirmed.