**ROBINSON et al. v. HAYS.**

No. 1505.

Court of Civil Appeals of Texas. Waco.
July 20, 1933.

French & McCorkle, of Fairfield, for appellants.

Geppert, Geppert & Victery, of Teague, for appellee.

ALEXANDER, Justice.

The city of Teague is a municipal corporation, incorporated under the provisions of title 28 of the Revised Statutes of 1925. Its governing body consists of a mayor and five aldermen, all elected from the city at large. At the regular election held in said city on the 4th day of April, 1933, two aldermen were to be elected. R. E. Hays and H. F. Seale, who were then serving as aldermen, were candidates for re-election, and R. R. Tuley was also a candidate for said office. Neither of said three candidates was a candidate for any particular one of said two seats to be filled. Each candidate in said election was opposing all others, and the two receiving the highest number of legal votes were to be elected and entitled to serve as such. Immediately after the election had been held it was rumored that Seale had received 93 votes, Hays 53 votes, and Tuley 53 votes, and that the city council would likely declare Seale elected and declare the result a tie as between Hays and Tuley and order a new election as to said two candidates. Tuley promptly filed with the city council a contest of said election, in which he asserted that certain illegal votes had been cast and counted at said election and that the legal votes had been incorrectly tabulated and counted, and contended that if the illegal votes were excluded and the legal votes correctly counted, it would be found that he had been elected. Hays filed before the city council an answer and cross-contest to said election contest, in which he contended that he had received more votes than either Seale or Tuley, and that he, and not Seale, had been elected, and that if he had not been so elected, the entire election was void and a new election should be ordered as to all three candidates. Tuley then filed in the district court of Freestone county an application for mandamus, naming S. W. Robinson, mayor, R. E. Hays, J. F. Baggett, H. F. Seale, J. D. Maupin, and W. H. Lee, as aldermen, defendants, and secured from that court

a writ of mandamus, requiring the city council to set down for hearing and to hear and determine said election contest before ordering a new election. No appeal was taken from that order. Thereafter, on June 25, 1933, R. E. Hays, as plaintiff, filed in the same court this suit for injunction against S. W. Robinson individually and as mayor of said city, H. F. Seale individually and as alderman of said city, and R. R. Tuley individually. The plaintiff alleged, in substance, that the said S. W. Robinson, as such mayor, unless restrained from so doing, would prevent the said R. E. Hays from participating as an alderman in the hearing on said election contest and would refuse to permit said Hays to cast a vote on the matters connected therewith, and would exclude the said Hays as an alderman from said hearing. The plaintiff prayed for an injunction restraining the mayor from so proceeding. In the alternative, the plaintiff alleged that if the said Hays had no authority to participate as an alderman in said election contest, the said défendant Seale, who was also a candidate for re-election at said election, was likewise disqualified to participate as an alderman in said contest, and prayed that the said Seale be enjoined from taking part therein.

The district judge, in chambers and on an ex parte hearing, granted a temporary writ of injunction, restraining the mayor from preventing the said Hays from taking part as an alderman in the hearing on said election contest; the order of the court granting said injunction being in part as follows: "An injunction is hereby granted against said S. W. Robinson, as such Mayor, and individually, requiring the said defendant, S. W. Robinson, to permit and allow plaintiff, R. E. Hays, to vote in all matters connected with said election contest set down for hearing before the City Council on the 28th day of June, A. D. 1933, or at any other time that said election contest may be set and requiring the said defendant, Robinson, to receive, announce and have recorded any vote or votes that plaintiff, R. E. Hays, may cast in said contest, and requiring that plaintiff, R. E. Hays, shall not be excluded from said contest 'hearing and determination', and requiring that said S. W. Robinson, shall give said plaintiff, R. E. Hays, equal rights in said contest, and requiring the defendant, S. W. Robinson, shall not declare out of order any motion or motions, or resolution, or resolutions, that might be made by any member of said City Council pertaining to said election contest, and the said defendant Robinson is hereby enjoined from casting any vote unless there is a tie and is hereby prohibited and enjoined from vetoing any action taken by said Council in said election contest." Robinson, Seale, and Tuley duly appealed from said order.

The appellants assert that the order of the court requiring the mayor to permit Hays to vote on all matters connected with said election contest is illegal, because Hays is directly and personally interested in the outcome of said election contest and is disqualified to take part therein, and that the order of the court restraining the mayor from ruling out of order any motion, etc., made by any member of the council pertaining to said election contest, is an unlawful interference with the mayor's discretionary authority as the presiding officer of the city council.

██ The Legislature has provided, in substance, that the city council shall be the judge of the election and qualification of its own members. R. S. art. 1008. Such provision seems to be a valid exercise of legislative authority. 43 C. J. 494; 20 C. J. 215; Seay v. Hunt, 55 Tex. 545; State v. De Gress, 72 Tex. 242, 11 S. W. 1029. However, the mere fact that the Legislature has provided that the city council shall be the judge of the election and qualification of its members does not confer upon a member of the council who is a candidate for re-election, the right to sit in judgment on his own case. Hays was a candidate for re-election at the election which has been called in question by the contest. He is named as the contestee, and the outcome of said contest will affect his right to continue in office. He therefore has a direct and personal interest in said election contest. The matter of determining an election contest is a quasi judicial matter requiring the exercise of judicial discretion on the part of those who are to determine such contest. 43 C. J. 496; 19 R. C. L. 897; Hobbs v. Upington, 121 Ky. 170, 89 S. W. 128. It is a well-established principle of law that one who is a candidate for re-election at an election held to select his successor, and who is a party to a contest to determine the validity or outcome of such election, cannot sit in judgment and participate in his official capacity in determining the validity or result of such election. 43 C. J. 508; 19 R. C. L. 897; Rollins v. Connor, 74 N. H. 456, 69 A. 777, 778, 124 Am. St. Rep. 983, 13 Ann. Cas. 334; Security National Bank v. Bagley, 202 Iowa, 701, 210 N. W. 947, par. 6, 49 A. L. R. 705; Hobbs v. Upington, 121 Ky. 170, 89 S. W. 128; Scholl v. Bell, 125 Ky. 750, 102 S. W. 248, 255; City of Springfield v. Haydon, 216 Ky. 483, 288 S. W. 337, par. 14; Meyers v. Walker (Tex. Civ. App.) 276 S. W. 305. In the case of Rollins v. Connor, supra, it was said: "'The rule is very plain that no man can be plaintiff or prosecutor in any action and at the same time sit in judgment to decide in that particular case, either in his own case, or in any case, where he brings forward the accusation or complaint on which the order is made.' Leeson v. Medical Education, etc., 43 Ch. D. (Eng.) 366, 379. It is equally plain that a man cannot sit in judgment to decide upon the validity of a claim against himself, or in a proceeding in which he is the defendant. 'The first idea in the administration of justice is that a judge must necessarily be free

from all bias and partiality. He cannot be judge and party, arbiter and advocate, in the same cause. Mankind are so agreed in this principle that any departure from it shocks their common sense and sentiment of justice.' Oakley v. Aspinwall, 3 N. Y. 547, 549, 550. Whatever right a member of a legislative body may have to vote upon questions in which he may be interested, when the question under consideration is purely legislative, he cannot do so when the body is acting judicially. Rider v. Portsmouth, 67 N. H. 298, 38 A. 385; Dorchester v. Youngman, 60 N. H. 385; Com. v. McCloskey, 2 Rawle (Pa.) 369; s. c., Br. Elec. Cas. 196." Since the appellee Hays was disqualified to take part in his official capacity in said election contest, it is apparent that the trial court exceeded its authority in requiring the mayor to allow said alderman to so participate.

■■■■■■ The court likewise exceeded its authority in restraining the mayor from ruling out of order any motion, etc., that might be made by any alderman in the hearing of said contest. The mayor is the presiding officer of the council. It is made his duty to rule on such motions as may be presented. In ruling on motions the mayor exercises the discretion invested in him by law. The courts may compel an inferior officer to proceed to exercise his discretion, but cannot control or direct the manner in which such discretion shall be exercised. 38 C. J. 689; 16 Tex. Jur. 211, 212; 22 R. C. L. 494; Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665; Black v. Coons (Tex. Civ. App.) 244 S. W. 1080; Brown v. City of Houston (Tex. Civ. App.) 48 S. W. 760.

■■■■■■ The mayor has a right to vote on matters such as are here under consideration only in the event of a tie vote by the aldermen. Revised Statutes, art. 1007; 43 C. J. 509; 19 R. C. L. 891. His right of approval or disapproval of the acts of the council, or the exercise of the so-called "veto" power, is limited and regulated by the provisions of Revised Statutes, art. 997. Such right is there limited to ordinances and resolutions adopted by the council, 43 C. J. 532, 535, and does not apply to the act of the council when the council sits as a judicial body in the determination of an election contest. 19 R. C. L. 892; 43 C. J. 533; Cate v. Martin, 70 N. H. 135, 46 A. 54, 48 L. R. A. 613.

■■■■■■ The appellees contend that notwithstanding Hays was disqualified to sit in judgment in determining the validity and result of said election, yet, since the appellant Tuley secured from the district court a writ of mandamus against appellee Hays and the mayor and all other members of the city council, requiring them to set down for hear-

ing and to determine said election contest, the appellant Tuley is now estopped to deny Hays the right to participate in his official capacity in said hearing. It is ordinarily true that a party may be estopped by a judgment against him when such judgment has become final, and that when a valid judgment has become final, it is binding in all subsequent suits between the same parties involving the same subject-matter. Whether or not this rule would apply where the public interest is involved and the prior judgment was clearly contrary to law is a doubtful question. Certainly, the right of the citizens to have their votes correctly counted and the result of the election fairly determined by a legally qualified tribunal ought not to be jeopardized by a prior judgment of the court, unless such judgment, when fairly construed, necessarily requires such result. The question as to whether or not the election in question was legally conducted, and whether the votes cast by the qualified electors at said election have been properly tabulated and counted, is a matter of public concern, and we doubt the right of Tuley by proceeding as he did, either purposely or unintentionally, to thus thwart the will of the voters and defeat an impartial hearing of the election contest. Even if the judgment in the mandamus proceeding is subject to such construction, we would hesitate to hold that merely because the court had entered an erroneous decree requiring a procedure contrary to public policy, we should perpetuate such procedure and compound the error by compelling obedience thereto. But be that as it may, the judgment of the court in the mandamus proceeding ought not to be given the construction contended for by appellee unless it is fairly susceptible of no other legitimate construction. To construe the judgment as contended for by appellee would be to hold that the trial court had intentionally entered a judgment requiring the doing of a thing clearly contrary to public policy. A judgment when subject to two constructions, from one of which it follows that the law has been correctly applied to the facts and from the other that there has been an incorrect application, that construction will be adopted which upholds the validity judgment. 25 Tex. Jur. 460. The mandamus proceeding was brought by Tuley against the mayor and the aldermen in their official capacity to require the council as such to set down for hearing and determination said election contest. The order of the court directed that S. W. Robinson, as mayor, and the five aldermen, "as and constituting the City Council or Board of Aldermen of said City of Teague, be and they are hereby commanded * * * to set down for hearing * * * and that they proceed to hear and determine said contest * * *." This judgment must be construed in the light of the issues then be-

fore the court, and when so construed, it will be found that its object was to merely adjudge that the contest should be heard—and not ignored—by the tribunal provided by law for that purpose. It was not intended that the judgment should be an adjudication of the question as to which of such aldermen were qualified to sit as judges in such contest. The mere fact that the court had previously entered such a judgment in the mandamus proceeding was not sufficient in itself to require the court, in a subsequent proceeding, to enter a judgment requiring one, who was disqualified, to sit in judgment in the trial of his own case. We overrule this contention.

The appellee Hays presents a proposition in which he contends that if by reason of his interest he is disqualified to participate as an alderman in the hearing of the election contest, the appellant Seale is likewise disqualified to participate therein, and that the trial court should have granted appellee's alternative plea for injunction restraining Seale from taking part in said proceedings. As before stated, it is alleged that Hays filed with the city council a cross-action or contest of said election and contended that he and Tuley each received more votes than Seale and that by reason thereof they were elected and Seale defeated, and that if he was not so elected, the entire election was void on account of certain irregularities in the manner of the holding of the election and that a new election should be ordered as to all three candidates. Under such allegations the cross-contest would be sufficient to call in question the validity and result of said election as to all three candidates and to challenge the council's right to declare Seale elected. Seale, therefore, would be a party to, and directly and personally interested in, the outcome of said contest and would be disqualified to act as an alderman in the determination thereof. Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082, par. 4.

It appears that when the two aldermen, who are alleged to be parties to said election contest, are excluded, there will yet remain a quorum of the council, duly qualified to hear and determine the merits of said contest. There is therefore no apparent reason, if the allegations are true, why either Hays or Seale should be permitted to take part in his official capacity as an alderman in the determination of said election contest.

From what has been said, it is apparent that the injunction as granted by the trial court, in so far as it limited the mayor in his right to vote only in case of a tie and denied him the right to "veto" the decision of the council as to the result of the election contest, was correct, but that in all other respects the injunction as granted was incorrect. If Seale's election was called in question by the contest proceedings pending before the city council, then he was disqualified to participate in his official capacity in such hearing, and, upon a proper showing, Hays would be entitled to an injunction restraining Seale from so taking part in such contest. Since the court granted the injunction on the primary allegations of appellee's petition, it is very probable that the court did not judicially pass on the question as to whether appellee was entitled to an injunction on ex parte hearing on the alternative plea. It is further apparent that a restatement of the restraint imposed and to be imposed by the court upon the respective parties hereto will be necessary. Should further restraint be invoked, we are of the opinion the trial court is in better position to adapt the same to the exigencies of the situation than we are. We have therefore concluded merely to dissolve the injunction granted by the trial court herein. Such dissolution is effective at once. Duncan v. Boyd (Tex. Civ. App.) 288 S. W. 281, par. 1. Such action, however, shall not be construed to prevent the trial court from granting, upon showing satisfactory to him, injunctive relief to either of the parties, as the exigencies of the case may require, provided the same is not inconsistent with the rights of the parties as declared in this opinion.