## MOORE v. BRANIFF AIRWAYS, Inc.

### No. 909.

District Court, N. D. Texas,
Dallas Division.

Feb. 29, 1944.

Marion B. Solomon, of Dallas, Tex., for plaintiff.

Touchstone, Wight, Gormley & Touchstone, of Dallas, Tex., and Hal C. Thurman, of Oklahoma City, Okl., for defendant.

ATWELL, District Judge.

In the state District Court of Travis County Texas, the plaintiff was appointed as receiver of the Casualty Underwriters and Underwriters Agency. He is a resident of Texas. He sues the defendant, which is incorporated under the laws of the state of Oklahoma, seeking $32,000 alleged to be what the defendant owes as a subscriber of the received company, for a policy which was issued to it for the period beginning June 4th, 1937, and ending June 4, 1938, such remuneration being a certain percentage paid by it to its employees for that period. That the policy provided that the defendant would, at the termination thereof, file a written statement with the plaintiff showing such remuneration, from which the premium would be computed, whereupon "the premium would immediately become due and payable." That the defendant has never furnished the statement and on September 7, 1943, finally refused to furnish the information.

That in a class suit brought in the State Court in Travis County, Texas, by the said receiver against a number of subscribers of said association, while it was insolvent, for determining and fixing the liability of such subscribers for said deficit, claims and expenses, a judgment was recovered against the named defendants therein, individually, and as representatives of the subscribers, "at said association as a class," during the period from January 1, 1937, to August 11, 1938, for an assessment equal to 60% of the premiums booked and earned on the policies of insurance held by each subscriber during that period, plus interest. That any arrangement, "agreement or understanding between any member of the association and the association, or, its attorney-in-fact, whereby the liability of said subscriber for said assessment was released, modified, or, eliminated, was null and void, and no defense to said assessment."

After sparring for ultimates, the contest settled down to, and is tried upon, pleadings over two issues, to wit, limitation and the effect of the class suit judgment.

■ Over objections by each side to such testimony as that particular side thought impinged upon its position, it seems safe to say that the plaintiff's cause of action, if any it had, began at the expiration of the term of the defendant's policy, which was June 4, 1938. This suit was filed on October 5, 1944. The four years' statute of Texas is applicable. Vernon's Ann.Civ.St. Tex. art. 5527. Texas Employers' Ins. Assn. v. Humble Oil & Refining Co., Tex.Civ.App. 103 S.W.2d 818. If we substitute August 11, 1938, the date the receiver was appointed, it was still more than four years before the suit was filed.

■ The plaintiff counters by referring to the following covenant in the policy: "At the end of the policy period the actual amount of the remuneration earned by employees during such period, shall be exhibited to the company as provided in condition C hereof, and the earned premium adjusted in accordance therewith."

This is a unilateral requirement. It would not save the defendant from suit. It

is not a condition or limitation upon the insurer with reference to a suit by it. It is a promise of the insured to furnish an admission of the amount of its liability. See United States v. Atlantic Mutual Insurance Company, 298 U.S. 483, 56 S.Ct. 889, 80 L.Ed. 1296.

■ It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he know that he has a cause of action. So knowing, it is his fault if he does not avail himself of it and of those means by which the law, or the contract, provides for prosecuting or preserving his claim. 37 C.J. 976. The defendant did not conceal the existence of the action. There is no estoppel here. All it is claimed is that the defendant did not voluntarily furnish the report which was first requested on December 18, 1942, more than four years after the cause of action had accrued.

■ Second. If it could be concluded that the statute has not run, then comes the serious business of looking into the state court judgment rendered at Austin in a class suit, upon which this action is brought. Such inspection is jealously regarded. It may not be what we usually call a "collateral attack." In this particular case it is an inspection that is permitted for the protection of the defendant in its right to due process. If the defendant can by no proper deduction be included in the class which was bounden in that judgment, then he should not be held thereby. Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027.

There are some general recitations in the judgment that would seem to include it. But such general findings seem to be directed at the class and at the exhibit which shows the name of the policy holder, the amount of such policy, and the proportionate distribution of such fund when realized to a computed total, and for a particular mentioned purpose.

The defendant's interests are diverse and different from those who appear to be in that class. The defendant made its contract independent of and not in harmony with the contracts discovered in the judgment. It paid a nominal premium—a premium of $100 per annum. If and when a liability occurred, it settled that liability. This arrangement was the result of an independent contract between it and the received association. That contract is wholly unlike the contract which the class members authorized to be made for them by the attorneys-in-fact.

There was shown to be 6,508 subscribers. The amount sought from them, as an assessment, was $1,193,401.17. After allowing for expenses and uncollectible premiums, a 60% assessment would discharge the obligations of the association. Those 6,508 names are set out in an exhibit. The defendant is not named in such exhibit, nor was it named in any pleading. The court found that that exhibit correctly reflected the total amount of the premiums booked and earned on each policy during the mentioned period, to-wit, from January 1, 1937, to August 11, 1938.

There are two or three other findings which confirm the accuracy of the statement that the class was those included in the 6,508. The further general statement that any other policy holder was also included, regardless of whether named or not, must be understood to be taken in harmony with the specialization since that is a safe rule of construction. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, 443; Ballard v. Stanolind Oil & Gas Co., 5 Cir., 80 F.2d 588; Gough v. Jones, Tex.Com.App., 212 S.W. 943; Robinson v. Hays, Tex.Civ.App., 62 S.W.2d 1007.

This suit is to recover $32,000. If that amount were recovered, the percentages found to be necessary would also be seriously upset.

The plaintiff cites appropriate cases for the support of the thought that a contract to show a policy for a less rate than that prescribed by the Insurance Commission would be contrary to law, and, therefore, void. That seems to be the Texas rule with reference to compensation insurance. Texas Employers' Ins. Ass'n v. Russell, 127 Tex. 230, 91 S.W.2d 317; Texas Employers' Ins. Ass'n v. Jones, Tex.Civ.App., 70 S.W.2d 1014; Mulkey v. Traders & General Ins. Co., Tex.Civ.App., 93 S.W.2d 582.

The debate is, therefore, big between a national constitutional provision which requires due process in a class suit before one may be held liable to its provisions, if such one is not, in reality, a member of the class. The class suit is maintained, said the Supreme Court in the recent case of Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741, by the thought that the defendant who, in reality, was not present and knew nothing about it, had representation through those who were

similarly interested, and in making their defense they would make the defense of the absent one who was in the same situation. So that if one really had a contract, which happened to be unlawful under a state statute, he would still be outside of the class of those who had contracts that are lawful. He would stand as a person without a contract. He certainly could not be said to be a person with a contract such as the others had who were bounden by valid contracts.

The validity of the employer's compensation contract is an essential requirement for the protection of the worker, the employee. The employee cannot be charged with searching the contracts of his employer. Hence, so far as the workman and the employer are concerned, the Texas decisions have declared the rule. But this contest is not between employee and employer. It is on a class suit judgment assessment.

My attention has not been called to any Texas decision upon the point that we are now laboring.

Judgment must go for the defendant.