**CITY OF CENTERVILLE, Texas, Appellant,**

v.

**John ADKISSON et ux., Appellees.**

**No. 3340.**

Court of Civil Appeals of Texas.

Waco.

May 31, 1956.

Q. Z. Valentine and F. R. Valentine, Waco, for appellant.

Mac L. Bennett, Jr., Normangee, Robert E. Burroughs, John H. Adkisson, Centerville, for appellees.

McDONALD, Chief Justice.

This suit was filed by the City of Centerville against John Adkisson and wife, seeking to collect purported delinquent city taxes alleged to be owing by defendants to plaintiff for the year 1954. Defendants answered by special exception attacking the validity of the levy of the tax ordinance.

The Trial Court upon hearing sustained such exception and dismissed the cause. The City of Centerville appeals contending that the ordinance levying the 1954 taxes was valid and that the Trial Court erred in dismissing the suit.

The City Council of the City of Centerville is composed of 5 Aldermen, together with the Mayor as presiding officer. The ordinance in question was adopted at a meeting of the City Council on 17 November 1954, at which meeting 3 of the duly elected Aldermen were present and the Mayor presiding; 2 of the duly elected Aldermen were absent. The 3 Aldermen present and the Mayor *all* voted in favor of the tax ordinance.

Article 1033, R.C.S., Power to Assess Tax, provides:

> "The city council shall have power to provide by ordinance for the assessing and collecting of said taxes, and to determine when taxes shall be paid by corporations, and when by the individual corporators. *No tax shall be levied unless by consent of two-thirds of the aldermen elected."*

The tax in this case was passed by an affirmative vote of 3 of the 5 Aldermen and the Mayor. (There was no tie vote herein involved.) The City of Centerville contends that the three Aldermen's votes and the Mayor's vote add up to 4 affirmative votes and that such is two-thirds of the six members of the Council, and that such complies with the requirement in Article 1033 that "No tax shall be levied unless by consent of two-thirds of the aldermen elected." Defendants, on the other hand, contend that the Mayor is not entitled to vote (there being no tie vote) and that since only 3 Aldermen voted for the tax ordinance it lacked the necessary two-thirds majority and is invalid.

The question for determination herein is whether or not the Mayor was entitled to vote in the absence of a tie at the meeting at which the tax ordinance was passed. Stated another way, can we count the Mayor's vote in determining the two-

thirds vote necessary under Article 1033, R.C.S.?

The City of Centerville is a municipal corporation, incorporated under the provisions of Title 28, Article 961 et seq., R.C.S. Vernon's Ann.Civ.St. art. 961 et seq. On 17 November 1954 the City had 5 duly elected Aldermen and a duly elected Mayor. On that date the meeting of the City Council was had and *3* Aldermen and the Mayor were present. The *3* Aldermen and the Mayor *all* voted in favor of the tax ordinance herein involved.

Article 1033, R.C.S., provides that *"No tax shall be levied unless by consent of two-thirds of the aldermen elected."* Two-thirds of the *Aldermen* elected would be *four*. Only *three* Aldermen voted *for* the tax ordinance. The ordinance must fall unless the Mayor's vote can be counted.

Article 1007, R.C.S., *Presiding Officer,* provides:

"The mayor shall preside at all meetings of the city council, *and shall have a casting vote,* except in elections."

Bouvier's Law Dictionary defines a casting vote as:

"The privilege which the presiding officer possesses of deciding a question where the body is equally divided."

Vol. 6, Words and Phrases, Casting Vote, p. 278, contains a very similar definition.

Justice Alexander, in Robinson v. Hays, Tex.Civ.App., 62 S.W.2d 1007, 1009, no writ history, holds:

*"The mayor has a right to vote on matters such as are here under consideration only in the event of a tie vote by the aldermen. Revised Statutes, art. 1007".*

The Commission of Appeals, in State ex rel. Rea v. Etheridge, 32 S.W.2d 828, 829, holds that the statute vesting power in the governing body of a city to increase taxation *must be strictly construed.* Such case further holds in connection with Section 12, Gen. Laws of Tex., Vol. 8, p. 490, which is the predecessor to R.C.S. Art. 1007, that the Mayor should be president of the Council, and in case of a tie vote on any question, he should be given the casting vote.

On the foregoing authorities we conclude that the Mayor in the instant case did not have the right to vote, there being no tie; and because he had no right to vote we cannot count his vote in determining whether the requisite two-thirds voted for the tax ordinance.

But further to what has been said, when we go back to Article 1033, which says that no tax shall be levied unless by consent of two-thirds of the *Aldermen,* and construing such *strictly* as indeed we must under the authorities cited, we cannot but further conclude that the ordinance fails additionally for want of the affirmative *vote of two-thirds of the five Aldermen,* which it did not receive. The statute says two-thirds of the Aldermen. Construing the statute strictly, we cannot say that the *Mayor* was an alderman.

Article 1033 charges those seeking to pass a tax ordinance in a city such as the City of Centerville with the burden of obtaining a required number of affirmative votes, to-wit, two-thirds of the *Aldermen elected.* Centerville had *five* duly elected Aldermen. Only *three* voted for the tax ordinance, which number is less than the required two-thirds. The Mayor, under the cases cited, is only authorized a *casting vote,* which by definition and construction in the cited cases is a vote in the event of a tie. The Mayor was not entitled to vote and his vote cannot be counted in arriving at whether the requisite two-thirds of the *Aldermen elected* voted for the tax ordinance. Since the required two-thirds of the elected Aldermen did not vote for the tax ordinance, it must fall.

The judgment of the Trial Court is affirmed.