## Miller v. Miller.

(Decided March 13, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Divorce.—Evidence held to entitle wife to divorce, under Ky. Stats., sec. 2117, subsec. 2, on ground of cruel and inhuman treatment, permanently destroying her peace and happiness, by coarse and brutal conduct in presence of others, though not showing that husband had settled aversion to her.

2. Divorce.—Repeated insults and neglect of wife, producing and constantly aggravating mental anguish and wounded feelings, are as cruel, within Ky. Stats., sec. 2117, subsec. 2, authorizing divorce for cruel and inhuman treatment permanently destroying wife's peace and happiness, as actual bruising of person.

HUBBARD & HUBBARD for appellant.

L. R. CURTIS for appellee.

Opinion of the Court by Commissioner Hobson—Reversing.

Henry S. and Mable R. Miller were married on August 17, 1922. On March 24, 1927, she brought this action against him for divorce. They had one child about three years old, and by an agreed judgment the custody of the child and their property rights were settled. Proof was taken, and on final hearing the circuit court dismissed her petition for divorce. She appeals.

The only ground of divorce is that the husband behaved toward her habitually in such a cruel and inhuman manner as to destroy permanently her peace and happiness, as provided in subsection 2 of section 2117, Kentucky Statutes:

> "Habitually behaving toward her by the husband, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness."

The uncontradicted proof by two witnesses was that the husband's conduct for at least a year was cruel. He had no respect for her; treated her with no respect in front of people, and in front of any one, he would slap her in places that he should not and would run his hand up her dress and mortify her in the presence of other people; he did not hesitate to tell any kind of filthy joke in front of her and in the presence of other people. He would be perfectly familiar with her in front of other persons. She would remonstrate, but it would do no good. She finally worried so that she suffered constantly with her head; she was a nervous wreck. He did not have any love for her as a wife and seemed to think it was cute to embarrass her in front of people. He would discuss their relations as man and wife in front of any one. She would try to get him to behave, but he would not stop and go right on and laugh. He would, after telling dirty jokes in front of her, curse her and made life miserable for her. As a result she had these terrible headaches.

The circuit court dismissed the petition on the ground that the proof did not show that the defendant had a settled aversion to his wife, but under the statute the cruel and inhuman treatment is ground for divorce if it destroys permanently the wife's peace and happi-

ness. The wife here was a lady of refinement. She was without fault, and such coarse and brutal conduct on the part of the husband in the presence of others was cruelty to such a woman.

"Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person, and that which produces the one is not more cruel than that which causes the other." Glass v. Wynn, 76 Ga. 319.

It is unnecessary to extend this opinion with the facts testified to. It was cruel and inhuman for him to treat his wife as these witnesses testified she was treated, and this treatment did destroy her peace and happiness as they testified.

Judgment reversed and cause remanded for a judgment as above indicated.