

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~JENNUOUNTAXXXXXXXXXD~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS



Overruled by *WW-567*

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-6052
Re: Restoration of driver's
license of person convicted
of driving while intoxicated.

In 1936 the people of Texas approved an amendment to Article 4, Section 11 of the Constitution, taking from the Governor the sole pardoning power and dividing the functions of that sovereign prerogative between the Board of Pardons and Paroles and the Governor. Insofar as it is pertinent to your inquiry, it is sufficient to point out that under the Constitution, as amended, the Governor has power, after conviction, on the recommendation of the Board, to remit forfeitures in all criminal cases.

At the outset, we refer you to the well established rule that the discretion of those lodged with the pardoning power is not a matter which may be controlled or reviewed by the courts. Ex parte Gore, 4 S. W. (2d) 38; 31 Tex. Jur. 1259, Pardon, Sec. 4.

A forfeiture takes place in the constitutional sense when one loses some right, privilege or benefit in consequence of having done a certain act. State v. DeGress, 11 S.W. 1029; Meyers v. State, 105 S.W. 48; 19 Tex. Jur. 796, Forfeitures, Sec. 2.

Inasmuch as the State, in the exercise of its police powers, may prescribe the reasonable conditions upon which a person may exercise the right and privilege of operating a motor vehicle upon the public highways, it may provide by way of punishment for the ipso facto suspension of that right upon conviction of crime. Article 48, Penal Code (forfeiture of civil as distinguished from political rights); Bywaters v. Paris & G. N. R. Co., 11 S.W. 856; 19 Tex. Jur. 809, Forfeitures, Secs. 11 and 12.

You wish to be advised under this state of the Constitution and laws of Texas whether the Governor, upon the favorable recommendation of the Board, has power to restore the right to operate a motor vehicle upon the public highways to a person who has been convicted of driving while intoxicated, and who has served his jail sentence or paid his fine, or both, after final conviction.

Articles 802, 802b and 802c, Vernon's Penal Code, make it a penal offense to operate a motor vehicle upon the public roads, highways and streets of the State while under the influence of intoxicating liquor.

Section 16(a) of Article 6687a, Vernon's Texas Statutes, provides that "the license of any person shall be automatically suspended or revoked upon final conviction" for the offense of "driving a motor vehicle while under the influence of intoxicating liquor." After the first conviction the suspension shall be for six months. The second conviction carries with it a suspension of one additional year.

We think the crux of this matter is whether the revocation or suspension of the license is an incident of the punishment prescribed by Article 802 of the Penal Code. Conceivably, the revocation or suspension of that right could impose a greater penalty upon the offender than that prescribed by Article 802 of the Penal Code. The added penalty of forfeiture of a valuable legal right imposed by Article 6687a, 16(a), is "automatically" imposed by operation of law, leaving no discretion whatever for court or jury or administrative intervention. Its imposition is contemporaneous with the conviction under the penal statute and is an inexorable part and parcel of the penalty imposed.

That the facts in your inquiry make the suspension of license a forfeiture by way of punishment after conviction in a criminal case cannot be doubted. That Article 802 of the Penal Code and Article 6687a, 16(a) of the Civil Statutes "are to be treated prospectively and construed together as though they constituted one act," is one of the long and well established rules of statutory construction. And it makes no difference that the statutes were passed at different times and are found in different codes of our law. It is enough that they relate to the same subject. Section 283, Sutherland on Statutory Construction.

You are therefore advised that the Governor, on the recommendation of the Board of Pardons and Paroles, has the constitutional power of remission of the forfeiture of a drivers license after conviction for the offense of driving while intoxicated. Moreover, the Governors of Texas have so construed and acted under the Constitution in connection with these and similar statutes for a great many years. Their construction, being the same as ours, strengthens our conviction that they have not exceeded their constitutional power. Sections 307 to 309, Sutherland on Statutory Construction.

Very truly yours,

' ATTORNEY GENERAL OF TEXAS

By Elbert Hooper
Elbert Hooper
Assistant

EH:db:egw
APPROVED OCT 4 1944
S/ Carlos Ashley
FIRST ASSISTANT ATTORNEY GENERAL