THE LIBRARY
THE UNIVERSITY
OF TEXAS

# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1851.

---

### ROESER v. BELLMER.

It must be admitted that, according to the practice of the common-law courts, in a case of want of jurisdiction, no judgment could be rendered; but the practice has been uniform, from the organization of the courts under the Republic down to the present day, to render judgment for costs, and we are not aware that the propriety of the practice has ever been questioned.

Where the District Court, having no jurisdiction of the subject-matter of a suit, proceeds to hear the complaint and grant relief, on appeal, the Supreme Court will reverse the judgment, and dismiss the suit at the costs of the appellee.

Appeal from Comal. Roeser brought suit against Bellmer, in a Justice's Court, and obtained a judgment, from which Bellmer appealed to the District Court. The District Court reversed the judgment of the justice of the peace, and dismissed the cause, at the costs of Roeser, on the ground that the judgment had been rendered on a day on which the justice was not authorized to hold his court for such cases—it not being a term day. Roeser appealed.

*J. B. Costa*, for appellant. The District Court decided [2] correctly, in dismissing the case for want of jurisdiction ; but the judgment for costs was erroneous. (Montalet *v.* Murray, 2 Pet. Cond. R., 19; Inglee *v.* Coolidge, 4 Pet. Cond. R., 155; McIver *v.* Wattles, 5 Pet. Cond. R., 717 ; 9 Wheat. R., 650; Taul's Adm'r *v.* Collinsworth, 2 Yerg. R., 579; Glidden *v.* Elkins, 2 Tyler R., 218; Levy *v.* Shurman, 1 Eng. R., 112.

*M. A. Dooley*, for appellee.

LIPSCOMB, J. The District Court, according to the decision of this court in Titus *v.* Latimer, had no jurisdiction of the appeal, and the case was properly dismissed on that ground; but the court had no authority to pass on the judgment of the justice of the peace. It may, however, be said that, as the case was dismissed, as it should have been, the reason influencing the judge cannot be material. This is true. If a correct decision of the case is made, a wrong reason given by the judge cannot affect it.

The only question seems to be, whether any judgment could have been rendered, even for costs. If it was competent for the District Court to render any judgment, its judgment is subject to revision in this court. It must be admitted that, according to the practice of the common-law courts, in a case of want of jurisdiction, no judgment could be rendered. But the practice has been uniform, from the organization of the courts under the Republic down to the present day, to give costs to the successful party ; and we are not aware that the propriety of the practice has ever been questioned.

In the case of Doss *v.* Waggoner, (3 Tex. R., 515,) the judgment of the District Court of Lamar county had been rendered at a time not within the legal term of the court. On error taken to this court, it was ruled that "the court had no jurisdiction to try and determine causes at the time these judgments purport to have been rendered ; there was, in fact, no court in session, and no judgment could, by law, have been [3] pronounced ; and, consequently, they

**1**

are not only absolute nullities, in the ordinary signification of the term, when applied to judgments of courts having no jurisdiction over the subject-matter or the parties, but they are not even the acts of a court, and are, therefore, not susceptible of appeal, or subject to revision in an appellate tribunal." It is further remarked, "The appellant has mistaken his remedy, if any were required, against these pretended judgments; and it is ordered that the causes be stricken from the docket, at his costs." On the authority of the case just cited, the District Court should have stricken the cause from the docket, at the costs of the party who appealed to that court. Judgment reversed at the costs of the appellee, and the cause dismissed.

Reversed and dismissed.