Hillsborough, }
March 3, 1908. }

ROLLINS *v.* CONNOR *& a.*

In the determination of an election contest, the common council of a city acts in a judicial capacity; and a member of the body who is a party to the proceeding is disqualified from participating in a decision of the controversy..

The action of a judicial tribunal is voidable if a disqualified member participates therein, although the result may not have been dependent upon his vote.

PETITION for *certiorari*, to the common council of Nashua. At the September term, 1907, of the superior court, the defendants' demurrer was overruled by *Peaslee*, J., subject to exception.

The petition contains the following allegations: At the biennial election in 1906, the plaintiff and Peter Bruen were candidates

for the office of councilman from Ward 5, Nashua. More votes were cast for the plaintiff than for Bruen, but the moderator of the meeting declared the latter elected. On January 1, 1907, Bruen qualified as a member of the council, and on the same day the plaintiff petitioned the council to determine his right to the seat to which Bruen had been admitted. The petition was referred to a committee of three councilmen to investigate the election, count the ballots, and determine whether the plaintiff or Bruen was elected. The plaintiff and Bruen appeared before the committee with counsel. A majority of the committee refused to count all the ballots, reported to the council that of the votes cast Bruen was entitled to 101 and the plaintiff to 100, and recommended that the plaintiff be given leave to withdraw. A minority of the committee reported that of the votes cast the plaintiff received 103 and Bruen 100, stating in the report that the majority had refused to proceed with the count of the ballots and had voted to accept the declaration of the moderator as a correct statement of the vote, and recommended that the plaintiff be declared entitled to the seat. Both reports were presented to the council, and a motion to substitute the minority for the majority report was defeated, seven members voting in the affirmative and ten in the negative. By a vote of ten to seven, the majority report was accepted and adopted, and the plaintiff was thereby deprived of his seat. Bruen voted upon each motion with the majority. Each member of the council knew that the count of the ballots showed that the plaintiff had received 103 votes and Bruen 100.

*Edward H. Wason* and *George F. Jackson*, for the plaintiff.

*William H. Barry* and *Henri T. Ledoux*, for the defendants.

PARSONS, C. J.   The action of the common council in weighing the evidence presented by the moderator's declaration and the subsequent count of the ballots was judicial in its nature; and from their determination of the question of fact according to their view of the comparative weight of competent conflicting evidence no appeal is provided, and the question of fact so determined is not revisable by the superintending power of the court. *Sheehan* v. *Mayor, ante,* 445. The finality of the decision, in the absence of a right of appeal, results from the judicial character of the proceeding. Though not in the ordinary sense a court, the members of the common council are required in controversies of this character to judicially determine which contestant is entitled to the office. " When so acting, they are not emancipated from the ordinary principles upon which justice is administered, .   .   .

and which are, as it has been said, founded upon its very essence." *Queen* v. *Council,* [1892] 1 Q. B. 190.

It is alleged that Bruen, whose seat the plaintiff claimed, although he appeared as a party with counsel before the committee, nevertheless participated in the action taken by the council, voting upon both motions by which the question was determined. He thus, while avowedly a party to the proceeding, attempted to act as a judge in its decision. " The rule is very plain, that no man can be plaintiff or prosecutor in any action, and at the same time sit in judgment to decide in that particular case,—either in his own case, or in any case, where he brings forward the accusation or complaint on which the order is made." *Leeson* v. *Council,* 43 Ch. Div. 366, 379. It is equally plain that a man cannot sit in judgment to decide upon the validity of a claim against himself, or in a proceeding in which he is the defendant. " The first idea in the administration of justice is that a judge must necessarily be free from all bias and partiality. He cannot be judge and party, arbiter and advocate, in the same cause. Mankind are so agreed in this principle that any departure from it shocks their common sense and sentiment of justice." *Oakley* v. *Aspinwall,* 3 N. Y. 547, 549, 550. Whatever right a member of a legislative body may have to vote upon questions in which he may be interested, when the question under consideration is purely legislative, he cannot do so when the body is acting judicially. *Rider* v. *Portsmouth,* 67 N. H. 298; *Dorchester* v. *Youngman,* 60 N. H. 385; *Commonwealth* v. *McCloskey,* 2 Rawle 369; *S. C.,* Br. Elec. Cas. 196.

The judgment of the common council of which the plaintiff complains was rendered by a tribunal one of whose members participating in the decision was disqualified. The personal disqualification to act in a particular case of a member of a tribunal having jurisdiction of the subject-matter renders the judgment voidable and liable to be set aside upon *certiorari.* *Bickford* v. *Franconia,* 73 N. H. 194, 196. In *Biggins* v. *Lambert,* 213 Ill. 625,— 104 Am. St. Rep. 238, a decision by a court of three judges was objected to upon the ground that one of the judges was disqualified. The objection was overruled without discussion, the court saying: " The appellate court was composed of three judges, at least two of whom were not subject to the objection made." In *Oakley* v. *Aspinwall, supra,* it was claimed that the vote of the judge whose competency was disputed determined the decree whose validity was attacked, but the opinion of the court vacating the decree is put upon the ground that the judge in question " could neither lawfully hear nor take part in the decision." 3 N. Y. 555. In *Rider* v. *Portsmouth,* 67 N. H. 298, the question

was the validity of the action of five aldermen, of whom the plaintiff was one, in approving the claim in suit. It was said: "Without his vote there was not a majority in favor of paying it." But the validity of action in which an interested member takes part, when without his vote there was a legal majority in support of the action taken, was not presented or considered.

But despite the Illinois case above cited, it is clear upon reason and authority that judicial action by a tribunal one of whose members is disqualified to act is voidable if the disqualified member participates therein, without reference to the fact whether the result is produced by his vote. The preliminary question, whether the tribunal is properly constituted, is a question which must be answered in the affirmative before there can be a decision. As stated by *Denman*, C. J., in *Regina* v. *Justices of Hertfordshire*, 6 Q. B. 753, 756: "A decision is vitiated by any one interested person taking part in it. We cannot enter into an analysis of the different motives which may have produced the decision; it is enough to say that a single interested person has formed part of the court." In England this decision has not only been followed and applied in the case of strictly judicial tribunals, but its principle has been considered fatal to the action of other bodies when acting judicially. *Regina* v. *Justices of Suffolk*, 18 Q. B. 416; *Regina* v. *Justices of London*, 18 Q. B. 421, 424; *Queen* v. *Meyer*, 1 Q. B. Div. 173; *Leeson* v. *Council*, 43 Ch. Div. 366; *Queen* v. *Council*, [1892] 1 Q. B. 190; *Queen* v. *Huggins*, [1895] 1 Q. B. 563. The authorities in this country, with the exception above noted, appear to be to the same effect (*Oakley* v. *Aspinwall*, 3 N. Y. 547; *State* v. *Bradish*, 95 Wis. 205,—37 L. R. A. 289; *Case* v. *Hoffman*, 100 Wis. 314, 352); while the precise question appears to have been passed upon in this state in *Sanborn* v. *Fellows*, 22 N. H. 473, 479, in which it was held that proceedings before a board of three fence viewers, one of whom was disqualified from relationship to one of the parties, were void, and it is suggested by the court that the independent action of the two members of the board who were not disqualified, constituting a majority of the board, would be free from objection.

The lack of impartiality in the tribunal arises from the participation in the proceedings, as a co-ordinate member of the tribunal, of the person disqualified to act therein, and not merely from the fact that the decision is produced by the numerical effect of his vote. The influence a party in that position might have upon the decision of his associates cannot be estimated. It would be clear that he might have some advantage over his adversary, who is not a member of the court by which the controversy between them is decided. Whatever the rule may be as to the effect of the parti-

cipation of an interested member of a body such as the defendants are, upon action taken in accordance with, but not carried by, his vote in matters of an administrative nature (*Marshall* v. *Elwood*, 189 Pa. St. 348), such participation invalidates any judicial act. If *Hartshorn* v. *Schoff*, 58 N. H. 197, is inconsistent with this conclusion, it is overruled.

It does not appear that the plaintiff had opportunity to object to Bruen's acting in the matter as a member of the council, or that he has waived his right to object upon that ground. *Moon* v. *Flack*, *ante*, 140, 143. If upon hearing the facts are established as alleged and no waiver is shown, the decision of the common council denying the plaintiff's petition will be quashed. It will then be the duty of the council to adjudge the matter, excluding Bruen from any participation in their action; and treating the petition as an application for *mandamus*, they may be ordered to do so. In making such adjudication, all competent evidence offered, bearing upon the question for whom the larger number of legal votes were intended, including the moderator's declaration, the ballots in their present condition, and any facts tending to show which evidence, if conflict appears, is entitled to the greater weight, must be received and considered, and the seat awarded to the person whom it is found received the greater number of legal votes.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.