### CITY OF BEAUMONT et al. v. STEPHENSON.

#### No. 3197.

Court of Civil Appeals of Texas. Beaumont.

June 30, 1937.

Rehearing Denied July 20, 1937.

916

M. L. Lefler and E. B. Votaw, both of Beaumont, for appellants.

Tom C. Stephenson and D. E. O'Fiel, both of Beaumont, for appellee.

WALKER, Chief Justice.

This is a second appeal of this case; see City of Beaumont et al. v. A. C. Stephenson (Tex.Civ.App.) 95 S.W.(2d) 1360, 1364, for opinion on the former appeal. On remand, appellee made Mayor Renfro, City Manager Petkovsek, and City Clerk Edmonds parties defendant in their personal capacity. This trial was to a jury demanded by defendants. On conclusion of the evidence, the trial court discharged the jury and entered judgment for appellee against all the defendants in the respective capacities in which they were sued, ordering them to execute and deliver to appellee the draft with interest, as set out and described in the resolution brought forward in the opinion on the former appeal. In this connection we say that the agreed statement of facts, copied into the opinion on the former appeal, was introduced by appellee as a part of his evidence on this appeal.

■ This case is before us without an appeal bond; therefore, we have no jurisdiction to review any assignment of error against the judgment of the lower court in so far as it affects the judgment against Mayor Renfro, City Manager Petkovsek, and City Clerk Edmonds, in their personal capacity. In so far as the judgment affects the city of Beaumont, its mayor, city manager, and its city clerk, "in their official and fiduciary capacities as such Mayor, City Manager, and City Clerk respectively," the law of the agreed statement of facts was thus decreed by us on the former appeal. "We conclude that, on the agreed statement of facts, it was the duty of C. Hugh Petkovsek, city manager, and Raymond Edmonds city clerk of the city of Beaumont, to execute and deliver to appellee the draft for $6,000." Appellants' petition for writ of error against this legal conclusion was dismissed by the Supreme Court for want of jurisdiction.

■ Appellants bring forward certain exceptions against the admission in evidence of the agreed statement of facts on the former appeal; these exceptions are without merit. The parties to this appeal agreed to the statement of facts "in so far as the same pertains to the mandamus proceedings." There is no contention by appellants that the statement of facts was agreed to through mistake, fraud, or accident; there is nothing in the record to qualify or limit to the least extent the agreement of the parties as embodied in the statement of

facts. It is clear to our minds that appellants are bound by this agreement, and that it was admissible against them on this trial.

■■ Appellants assert further that appellee was not entitled to the writ of mandamus because it was not shown that the city of Beaumont had available funds sufficient to pay the draft. The point is without merit because it was decided against them on the former appeal. We would say also that, on the facts of this case, it must be presumed that the city of Beaumont was solvent; this point was one of defense to be pleaded and supported by proof by appellants.

■■ Appellants attempted to introduce in evidence a certain resolution by the city commission on the theory that it modified, limited, and repealed certain provisions of the ordinance approving the settlement between appellee and the city of Beaumont. This resolution was not admissible on the theory on which it was offered, because appellants laid no predicate to attack the agreed statement of facts.

The court did not err in overruling appellants' exceptions against appellee's common-law cause of action as originally pleaded, nor in overruling appellants' contention that appellee "had a clear, adequate and complete remedy at law by an ordinary suit for damages"; appellee's cause of action for damages at common law was merged into and became the consideration for the agreed settlement; a point decided on the former appeal.

■ On this trial appellee's petition for mandamus was verified as follows: "Before me, the undersigned authority a notary public in and for Jefferson County, Texas, on this day personally appeared A. C. Stephenson, to me well known to be a credible person of lawful age, and qualified in all respects to make this affidavit, who being first duly sworn on oath says that he has read the foregoing petition for mandamus, and has knowledge of the facts alleged therein, and that the facts and allegation in the said above petition for mandamus are within the knowledge of the affiant, true."

This verification was sufficient.

■ There were no controverted issues of facts; therefore, it was not error to withdraw the case from the jury and to enter judgment in favor of appellee.

■ The court committed fundamental error in directing that the warrant be issued with interest. This was not an action for damages but to compel the mayor, the city manager, and the city clerk to issue and to deliver to appellee a draft for $6,000. On the former appeal we held that "the city of Beaumont was exonerated from default in its obligations to relator." It follows that appellee pleaded and proved a cause of action only for the execution and delivery to him of a draft for $6,000, and that there was no basis either in the pleading or the proof for charging the city of Beaumont with interest. If appellee has a cause of action for interest, it has no foundation in the record of this appeal.

It is ordered that the judgment of the lower court be reformed by striking therefrom the language "accrued legal interest thereon from the 8th day of January, A.D. 1935, until said voucher for said principal sum of Six Thousand ($6,000.00) Dollars and legal interest thereon has been fully issued, signed, delivered and paid to the said plaintiff, A. C. Stephenson," and as reformed, that it be affirmed.

Affirmed; costs of appeal taxed against appellee.