**Anne Patricia McGee BROWN, Appellant,**

v.

**Cloyde Ira BROWN, Appellee.**

No. 7083.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 4, 1969.

Rehearing Denied Sept. 25, 1969.

Howell Cobb, Orgain, Bell & Tucker, Beaumont, for appellant.

Paul Owens, Sexton, Owens & Wingate, Orange, for appellee.

PER CURIAM.

On March 24, 1969, the trial court sustained numerous exceptions to appellant's pleadings in the form of a bill of review; and, when appellant declined to amend, judgment was entered dismissing the suit. No notice of appeal was incorporated in the judgment. Thereafter, appellant filed a notice of appeal which bore a handwritten date in the body of the motion "April 2, 1967", but the instrument was not received and filed until April 9, 1967, more than ten days after the entry of the judgment. Our clerk failed to notice the file mark, and, relying upon the handwritten date, filed the record. Appellee promptly moved to dismiss because the notice of appeal had not been timely filed. Rule 353, Texas Rules of Civil Procedure.

Appellant filed a response, supported by affidavit, invoking the provisions of Rule 5, T.R.C.P., contending that the notice was deposited in the mail on April 2, 1969, and was entitled to be considered notwithstanding its delayed receipt by the clerk. The affidavits of the parties filed thereafter raised issues of fact which this court felt could more properly be determined from a full hearing at which the evidence of all witnesses could be considered under a procedure which included cross-examination. Relying upon Article 1822, Vernon's Ann. Civ.St., and Rule 406, T.R.C.P., we appointed the trial judge, Hon. Fred Trimble, special master to determine the answer to one question of fact:

"Did the appellant herein, Anne Patricia Brown, by compliance with the latter portion of Rule 5, T.R.C.P., cause the notice of appeal from the judgment of the trial court to this court to be sent to the Clerk of the District Court of Orange County, Texas by first-class United States mail in an envelope or wrapper properly addressed, stamped and deposited in the mail one day or more before April 3, 1969, and the envelope or wrapper con-

taining the same bore a postmark showing such deposit?"

After due notice to the parties and their counsel, the master heard all of the evidence introduced, the argument of counsel, and made his report in accordance with the order of reference, answering the question submitted in the negative.

The appellant has filed objections to the report of the master: (a) the answer is against the overwhelming weight and preponderance of the evidence, and (b) the finding "is without evidence" because of the testimony of appellant's counsel and his secretary. We have carefully considered all of the record made on the hearing before the master, which was reported by the official court reporter, as well as the ex parte affidavits filed by counsel. From our review of the entire record, neither of the objections of appellant are tenable, and each is hereby overruled. We are of the opinion that the evidence supports the finding of the master and his report is hereby confirmed and adopted as our finding of fact on the disputed issue of the timeliness of the mailing of the notice.

Under Rule 353, T.R.C.P., this court does not have jurisdiction of an attempted appeal unless the record shows that notice of appeal was given in one of the two manners provided in the rule. Ortega v. Employers Casualty Co., 223 S.W.2d 663, 664 (San Antonio, Tex.Civ.App., 1949, no writ), and cases therein cited. We have no alternative but to dismiss the appeal. Donald v. John Vinson, Inc., 344 S.W.2d 751, 752 (Ft. Worth, Tex.Civ.App., 1961, no writ). The appeal is dismissed.

All costs incurred in the trial court and in this court, including the fee of the master and the charges made by the court reporter in the reporting of the hearing in connection with the notice of appeal, are hereby adjudged against the appellant.

The appeal is dismissed.