**Dale C. HAGER et al., Appellants,**

v.

**STATE ex rel. DeWayne TeVAULT et al.,
Appellees.**

No. 7107.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 29, 1969.

Gilbert T. Adams, Beaumont, for Dr. Hager.

Thad Heartfield, Beaumont, for City of Beaumont.

Mehaffey, Weber, Keith & Gonsoulin, James Mehaffey and B. J. McGinnis, Beaumont, for appellees.

Alan McNeill, Beaumont, W. C. Lindsey, Dist. Atty., Beaumont, for Ken Ritter.

PER CURIAM.

This case comes to us as an appeal from a final judgment in a mandamus action requiring the Mayor and City Councilmen of the City of Beaumont to call an election wherein the question of the recall of Councilman Hager may be submitted to the qualified voters of the City. The District Attorney of Jefferson County joined in a petition of TeVault, et al, in seeking a peremptory writ of mandamus to require the governing body of the City to call such election. After a hearing, the writ was granted and the Council was required by the judgment to order said election before 5:00 o'clock p. m., September 30, 1969.

Simultaneously with the filing of the transcript in this court, appellants sought the entry of an order staying the proceedings below pending final determination of the cause in this court. On the same day, September 26, 1969, appellees filed a motion to dismiss the cause for want of jurisdiction. We ordered the filing of memoranda of authorities by the parties before entering any order.

We turn first to a discussion of the jurisdictional question presented. Beaumont is a Home Rule City and its governing body is composed of a Mayor and four Councilmen. The record reveals the existence of a division in the Council with Councilmen Hager, Fears, and Seale having an effective operating majority of the Council on the issue before us. Opposed thereto and in the minority are Mayor McNicholas and Councilman Ritter.

Acting under the recall provisions of the Beaumont Charter, Article XI, § 13, TeVault, et al, procured petitions from the City Clerk as an initial step in attempting to procure an election to recall Councilman Hager from office. The sufficiency of the application therefor, both as to substance and as to form, is challenged in this cause but we do not reach that point.

On August 28, 1969, TeVault, et al, filed the petitions so procured from the City Clerk with numerous signatures thereon. The Clerk was required by the Charter provisions, Article VI, § 15, to examine the petitions so filed "and if he finds it sufficient and in compliance with the provisions of the charter, he shall within five (5) days submit it to the City Council with his certificate to that effect. * * *"

After the petitions bearing more than eight thousand signatures had been presented to the Clerk for checking and certification, but before the requisite certificate of sufficiency had been made, Councilman Hager sought an injunction to restrain any further action on the recall movement. The injunction was denied and the certificate of the Clerk was issued. Hager did not choose to resign within the five-day period thereafter as was also provided in § 15, supra.

In such contingency, the Charter provides that "the City Council shall thereupon order and fix a date for holding a recall election." On September 11, 1969, at a special meeting of the City Council with all members thereof present and participating, the Council declined to set the date of an election or to order an election to be held. The prevailing vote was along the divisive line mentioned earlier and the decisive vote creating the prevailing majority was that of Councilman Hager, whose recall was the precise question involved.

Immediately thereafter, TeVault, et al, acting under the provisions of Article XI, § 19 of the Charter, sought to have a District Judge of Jefferson County, Texas, order the election. Although such authority appears to have been granted by this provision of the Charter, the District Judge declined to act and his non-action is not before us.

Alleging their compliance with all of the provisions of the Charter and the exhaustion of their administrative remedies, TeVault, et al, filed this suit seeking a writ of mandamus to require the Mayor and Council to call the election. They alleged that they were resident citizens and taxpayers of the City, but did not otherwise allege a justiciable interest authorizing their maintenance of the proceeding. Cf. Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926).

Hon. W. C. Lindsey, District Attorney of Jefferson County, on behalf of the State of Texas, joined in the suit "as a petitioner because of the interest of the public in this matter and because of the desirability of determining [sic] a final ruling upon the matters involved herein."

The respondents named in the pleading were the Mayor and Councilmen of the City. The City of Beaumont was not specifically named as a party. In paragraph XVII of their pleading, petitioners alleged:

"This suit is not instituted against the Mayor and City Councilmen individually, but only in their official capacities as constituting the City Council of the City of Beaumont."

Following a dilatory pleading, a plea in abatement, and one challenging the authority of the District Attorney to join in the proceeding on behalf of the State of Texas, all of the officials named as respondents answered generally. At the conclusion of the trial, at which evidence was heard, the Court overruled the challenge to the authority of the District Attorney to participate and entered judgment awarding the peremptory writ of mandamus as sought.

The judgment was entered on September 22, and by its terms ordered that the "defendants, acting as the City Council of the City of Beaumont, Texas, shall order and fix a date for the holding of such recall election at a time not less than thirty (30) nor more than sixty (60) days after the date said recall petition was presented to the City Council." (The petition had been "presented to the City Council" on September 2, 1969.) The judgment conformed to the time requirements of the Charter. It was further provided in such judgment that the required action must be taken "not later than 5:00 o'clock P.M., Tuesday, September 30, 1969."

Incorporated in the body of the order is the recitation: "To all of which defendants in open court duly excepted and gave notice of appeal to the Ninth Supreme Judicial District, sitting at Beaumont, Texas."

The defendants, in a motion filed in the trial court on September 24, sought the entry of an order setting the amount of a supersedeas bond, but the motion was denied. On the same day, September 24, the defendants "and the City Council of the City of Beaumont", joined in the execution of an appeal bond which was approved and filed on September 25, 1969. This bond had the names of all of the defendants typed in the body thereof as principals, although it purported to bear the signature of only Councilman Hager. The signature line of the bond bears the typed names of all of the defendants and there followed the word: "By", and the signature of Hager. Although named in the bond as a principal and obligor, it does not appear that the bond was executed by or on behalf of one of the ostensible principals, "City Council of the City of Beaumont" except, if it does, through the typed names: "Thad Heartfield and Gilbert T. Adams, Attorneys for said City and said Defendants." Below this type appears only the signature of Hon. Gilbert T. Adams.

Taking judicial notice of the provisions of the Home Rule Charter of the City of Beaumont (Article 1174, Vernon's Ann. Civ.St.), we find that all of the powers of the City are vested in the City Council (Article I, § 2 and Article III, § 1) which is composed of a Mayor and four Councilmen (Article III, § 2). Attached to the motion to dismiss the cause, and in the statement

of facts, we find a statement by counsel for the defendants, Assistant City Attorney Thad Heartfield, made in open court on September 23, 1969, wherein he represented to the Court that, although he represented "the City Council", he did not "at this point * * * have a resolution or authorization from the City Council to take this thing up on appeal, but will have to call, if I may, a special meeting to secure that authorization. It should be done by resolution, since the funds will probably have to be expended."

At a special meeting of the City Council held on September 25, 1969, Heartfield's request "that the City Council determine, by resolution, whether or not we are to pursue the appeal to the 9th Court of Civil Appeals" the matter was considered. All members of the Council, including Councilman Hager, were present and participated therein. A resolution reading as follows was adopted:

"BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF BEAUMONT, TEXAS: That the Legal Department is hereby authorized and directed to perfect an appeal in the matter of State ex rel TeVault vs. Hager No. B-93,050, on writ of mandamus from the 60th District Court of Jefferson County, Texas. The Legal Department is further authorized to carry this appeal to the highest court necessary and to expend city funds in this matter."

Councilman Seale moved the adoption of the resolution and his motion was seconded by Councilman Fears. The vote being called for, Councilmen Seale, Fears and Hager voted "FOR" the adoption of the resolution with Mayor McNicholas and Councilman Ritter voting "NO." We note that the minutes reflect the fact that Councilman Hager prefaced his vote with this remark: "Mr. Ritter seems to be more concerned with the dollar than with Constitutional rights of the individual. * * * I vote *For*." (The omission and the empha-

sis in this quotation so appear in the minutes.)

This special meeting of the City Council was convened at 10:00 o'clock a. m., and it is not shown in our record that any other official business was transacted at such meeting. At 1:43 p. m. upon the same day, Mr. Heartfield filed with the District Clerk a "Notice of Appeal" reading:

"Comes now the City Council of the City of Beaumont, Texas and the City of Beaumont, defendants in the above entitled and numbered cause and gives this their Notice of Appeal to the 9th Court of Civil Appeals of Texas."

At the special meeting wherein the resolution authorizing the appeal was adopted, as aforesaid, according to the minutes thereof, the Mayor and Councilman Ritter interrogated Mr. Heartfield, an Assistant City Attorney present at the meeting, as to how they might go about disassociating themselves from the litigation, specifically stating into the official City record that Mr. Adams had no authority to represent them and that they had no desire to perfect any appeal from the judgment awarding the writ of mandamus. The Mayor, and Councilman Ritter, requested Mr. Heartfield to "prepare a motion specifically withdrawing as Counsel for me (Mayor McNicholas) and file that motion with the Courts saying that I specifically do not wish to pursue this appeal, that you no longer represent me nor any other lawyer represents me in any proceedings. Any further proceedings; and also, that no lawyer *represented* me in any proceedings." Mr. Ritter requested of Mr. Heartfield "the same thing" as the Mayor. (Emphasis supplied.) Heartfield promised that such would be filed.

Apparently, time being considered to be of the essence by all parties, when Heartfield had not filed such a motion by 9:34 a. m., on September 26, Mayor McNicholas and Councilman Ritter filed with the District Clerk, over their own signatures re-

spectively, a "Motion to Clarify Position of Parties," wherein these allegations were made:

"That the defendants, Mayor James D. McNicholas and Councilman Ken Ritter, individually and as members of the City Council of The City of Beaumont, Texas, voted against the adoption of the aforementioned Resolution; that, in addition to said vote, each publicly announced and stated into the minutes of said meeting that they have consistently voted against the defense and appeal of the above cause by the City Attorney's Office; that they have not and are not represented in the above cause, individually nor in any capacity, by Attorney Gilbert T. Adams, as reflected in the record of said trial and also in the final judgment; and that they are now and have at all times material hereto been willing, and, in fact, have advocated the setting of a recall election for Councilman for Ward Two, Dr. Dale C. Hager, pursuant to the provisions of the City Charter of Beaumont, Texas, and the Writ of Mandamus ordered by the Honorable Gordon D. Gary, Judge, 60th District Court, Jefferson County, Texas, and these defendants would further show that they do not wish to and will not take any part in the appeal of this cause."

This motion was called to the attention of the trial judge and was granted, all of which appears in the transcript of the record before us. See Parker v. Spencer, 61 Tex. 155, 161 (1884).

In the meanwhile, and upon September 26, TeVault et al. (but not joined by District Attorney Lindsey on behalf of the State) filed a "Motion to Strike Notice of Appeal," but it does not appear from our transcript that the motion was acted upon by the trial court. The substance of the motion is contained in the motion to dismiss the appeal to which we now turn.

Appellees allege in their motion to dismiss filed herein, inter alia:

"Such Writ of Mandamus was directed to the City Councilmen of the City of Beaumont, *in their official capacities*, and Appellants here, and the only parties Appellant before this Court are the City Council of the City of Beaumont and the Councilmen in their official capacities. *No parties intervened in the lower court in their individual capacities,* nor are any individual parties before this Honorable Court. The City Council of the City of Beaumont, and the Councilmen of the City, in their official capacities, acting by and through their counsel of record, The Honorable Thad Heartfield, judicially admitted, in open Court, that no appeal from the action of the lower Court would lie, or be authorized, unless proper authorization was received from the City Council of the City of Beaumont by resolution. * * *" (Emphasis supplied.)

This is followed by a recitation that the "authorization" of an appeal by the City Council was by a simple majority vote of three "for" and two "against", with Councilman Hager casting the decisive vote, as we have indicated previously in our discussion of this resolution. A photocopy of the resolution, certified by the City Clerk, appears in the motion.

Appellees then contend that Councilman Hager was "disqualified" as a matter of law from voting on such resolution for these reasons:

"(a) He had a direct personal interest in the proceedings then before the Council in that he was the person against whom the recall petitions were directed, and the appeal which was attempted to be authorized was from an order of the Court directing the Council to call an election at which he might be removed from office, the said Dale C. Hager being disqualified to vote upon a measure involving his possible removal from office.

"(b) The said Dale C. Hager had a direct pecuniary interest in the proceed-

ings in that said resolution attempted to authorize the use of city funds to perfect and pursue an appeal from the order of the District Court directing that the election be called to recall the said Dale C. Hager, and the stated purpose of the majority of the City Council, as appears from their discussion in such meeting, was to allow an appeal of the said Dale C. Hager from the order of the Court directing an election at which he might be recalled. The attempted resolution would have the effect of appropriating city funds for legal expenses, and costs of Court, which would directly benefit the said Dale C. Hager, separate and apart from other members of the Council, and other citizens of the community."

■ The thrust of the argument in support of the motion to dismiss the appeal is that an appeal from the judgment by the City Council was an act of the City and could be taken only when authorized by the *affirmative* action of the Council; Councilman Hager, having a direct personal and pecuniary interest in the matter then under consideration, was disqualified as a matter of law from participating therein. Being so disqualified from voting on a matter, his was an illegal vote. Without his vote in favor of the authorization, the result was a tie vote which was ineffective to authorize the appeal—the tie vote did not result in the motion being adopted so that it failed to carry. Thus, we finally reach the thrust of the motion to dismiss the appeal as to the appellants in their official capacity as Councilmen of the City of Beaumont, noting that the trial court, and before the case reached this court, authorized the withdrawal of Mayor McNicholas and Councilman Ritter from such appeal. This action was warranted under the rule enunciated by Chief Justice Wheeler in Merritt v. Clow, 2 Tex. 582 (1847), and a host of later decisions.

In Farmer v. Cassity, 152 Tex. 570, 262 S.W.2d 392, 393 (1953), the Supreme Court decided that under Rule 405, T.R.C.P.,

"such defects as defeat the jurisdiction in the particular case" can be put in issue in the Court of Civil Appeals. And when, under Rule 406, such motions are "dependent on facts not apparent in the record and not ex officio known to the court, must be supported by affidavits *or other satisfactory evidence.*" *Farmer,* supra; Rosenfeld v. Steelman, 405 S.W.2d 301, 303 (Tex.Sup. 1966).

We know from the record before us that Councilman Hager is personally concerned and interested in the matter in issue. His tenure of office and whatever rights, privileges, and emoluments, if any, incident thereto are at stake. No one has challenged the validity of the copy of the order which we have mentioned "authorizing" the appeal. Such minutes of the Council conclusively demonstrate that the appeal to our court was "authorized" by a majority vote of said Council only by reason of the affirmative vote of Councilman Hager. We consider the minutes of the City Council to be "satisfactory evidence" under Rule 406.

The reply of appellants to the motion to dismiss the appeal seeks to distinguish cases relied upon by the appellees in their motion. Having carefully analyzed the cases, we are not in accord with this contention of counsel. It is urged that "even if the resolution authorizing the appeal of this case is invalid as to the City of Beaumont, Dr. [Councilman] Hager is in the case individually and the appeal cannot be dismissed as to him." To this we will turn later on in this opinion. Next, it is suggested that appellees could have challenged the authority of the City Legal Department in the trial court, but "such authority cannot be questioned for the first time on review." This, too is treated subsequently in this opinion. Finally, it is suggested that the expenditure of public funds could be prevented by an ancillary injunction in the District Court when the occasion should arise. We do not reach this contention.

Thus, we now reach the point of the validity of the notice of appeal. Lacking a valid notice of appeal, jurisdiction did not attach in this court. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945 (1894); Ortega v. Employers Cas. Co., 223 S.W.2d 663, 664 (San Antonio, Tex.Civ.App., 1949, no writ); Donald v. John Vinson, Inc., 344 S.W.2d 751, 752 (Ft. Worth, Tex.Civ.App., 1961, error ref.); Brown v. Brown, 444 S.W.2d 837 (opinion dated September 4, 1969).

■ The question of the legality of Councilman Hager's participating in the actions of the Council involving his recall is considered at this point. The authorities are generally in accord that a public official is not eligible to participate in a matter which affects his personal pecuniary interest. This is as true of members of municipal councils as it is of judges of courts. Public policy forbids sustaining municipal action based upon a vote of one member of its governing body on a matter which directly and immediately affects him individually. For the general rule see 37 Am.Jur., Municipal Corporations, § 67, p. 680 and 62 C.J.S. Municipal Corporations § 402, p. 761.

The most nearly analogous case cited to us by counsel is Chief Justice Alexander's opinion written while he was upon the Court of Civil Appeals, Robinson v. Hays, 62 S.W.2d 1007 (Waco, Tex.Civ.App., 1933, no writ). There, the City Charter of the City of Teague allowed the City Council to be the judges of the qualifications of its own members. Hays was a member of the council and a candidate for reelection. The results of this election being contested before the Council by his opponent, Hays was held to be disqualified to participate in the proceedings. The words of Judge Alexander are apt and persuasive as applied to our case.

"* * * However, the mere fact that the Legislature has provided that the city council shall be the judge of the election and qualification of its members

does not confer upon a member of the council who is a candidate for re-election, the right to sit in judgment on his own case. Hays was a candidate for re-election at the election which has been called in question by the contest. He is named as the contestee, and the outcome of said contest will affect his right to continue in office. He therefore has a direct and personal interest in said election contest. The matter of determining an election contest is a quasi judicial matter requiring the exercise of judicial discretion on the part of those who are to determine such contest. 43 C.J. 496; 19 R.C.L. 897; Hobbs v. Upington, 121 Ky. 170, 89 S. W. 128. It is a well-established principle of law that one who is a candidate for re-election at an election held to select his successor, and who is a party to a contest to determine the validity or outcome of such election, cannot sit in judgment and participate in his official capacity in determining the validity or result of such election. 43 C.J. 508; 19 R.C.L. 897; Rollins v. Connor, 74 N.H. 456, 69 A. 777, 778, 124 Am.St.Rep. 983, 13 Ann.Cas. 334; Security National Bank [of Mason City] v. Bagley, 202 Iowa, 701, 210 N.W. 947, par. 6, 49 A.L.R. 705; Hobbs v. Upington, 121 Ky. 170, 89 S.W. 128; Scholl v. Bell, 125 Ky. 750, 102 S.W. 248, 255; City of Springfield v. Haydon, 216 Ky. 483, 288 S.W. 337, par. 14; Meyers v. Walker (Tex.Civ.App.) 276 S.W. 305. In the case of Rollins v. Connor, supra, it was said: 'The rule is very plain that no man can be plaintiff or prosecutor in any action and at the same time sit in judgment to decide in that particular case, either in his own case, or in any case, where he brings forward the accusation or complaint on which the order is made.' Leeson v. Medical Education, etc., 43 Ch.D. (Eng.) 366, 379. It is equally plain that a man cannot sit in judgment to decide upon the validity of a claim against himself, or in a proceeding in which he is the defendant.

'The first idea in the administration of justice is that a judge must necessarily be free from all bias and partiality. He cannot be judge and party, arbiter and advocate, in the same cause. Mankind are so agreed in this principle that any departure from it shocks their common sense and sentiment of justice.'
\* \* \*"

The rule is so firmly established that we need add thereto only the comments found in Meyers v. Walker, 276 S.W. 305 (Eastland, Tex.Civ.App., 1925, no writ):

"If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy."

■ The interest of Councilman Hager in the recall election was *not* common with the interest of the general public; it was peculiarly personal to him and different from that of any other person. It was a "direct, real, and certain interest in the subject matter" then being considered. See Elliott v. Scott, 119 Tex. 94, 25 S.W.2d 150, 151 (1930), relating to judicial disqualification.

The text-writer in 33 Tex.Jur.2d, Judges, § 32, p. 398, states the rule with reference to judicial disqualification in this language:

"That no man ought to be judge in any case where he has a personal or pecuniary interest is an ancient rule, the strictest observance of which is demanded by public policy and natural justice. This principle is embodied in the constitution [Article V § 11], which declares that no judge shall sit in any case wherein he may be interested. A similar provision is contained in the Revised Statutes [Article 15], superseding all prior statutes with respect to the disqualification of judges. \* \* \*"

The acts of a disqualified judge are void. Templeton v. Giddings, 12 S.W. 851 (Tex.Sup., 1889); Fry v. Tucker, 146 Tex. 18, 202 S.W.2d 218, 221 (1947) and cases therein cited. A proliferation of the authorities upon the point is deemed unnecessary.

Judge Alexander's remarks in Robinson v. Hays, supra, make this ancient maxim applicable to the case at bar.

It is contrary to the spirit of American justice—and to Texas law—for anyone to be the judge of his own case. Booth v. Board of Education, 70 S.W.2d 350, 352 (Fort Worth, Tex.Civ.App., 1934, error dism.); *Meyers,* supra; 47 Tex.Jur.2d, Public Officers, § 129, p. 165. Indeed, it is said that Sir Edward Coke in his Institutes of the Lawes of England (1628) cited the proverb: "Nemo debet esse iudex in propria causa." ("No one ought to be judge in his own cause".)

At issue when Councilman Hager cast the decisive vote to authorize the appeal was the question of whether or not the appeal would be taken from the order requiring an election to be held to determine if he should remain in office or be removed therefrom. The judgment requiring the election had been entered and the time within which to avoid its impact was short.

At the trial court level, the City of Beaumont was the real party at interest. The entire City Council were parties thereto—not as individuals—but as officials. The action sought by the Relators below was *official* action by the City. None of the persons therein named, as individuals, could have taken the action sought to be required and which was ordered. These persons could act, and act only collectively, as officials. And, only as officials can they comply with the judgment. Charter, Article III, § 1.

Therefore, the suit involved in reality only the City Council, a governmental agen-

cy of the City of Beaumont. Had an effective notice of appeal been given—that is one authorized by lawful action of the City Council—it would have vested jurisdiction in this Court. See generally, Board of Adjustment of City of Fort Worth v. Stovall, 147 Tex. 366, 216 S.W. 2d 171, 174 (1949); Andricks v. Schaefer, 279 S.W.2d 421 (San Antonio, Tex.Civ. App., 1955, no writ). See also, Ammex Warehouse Co. v. Archer, 381 S.W.2d 478 (Tex.Sup., 1964).

The proper and legal notice of appeal would have had the effect of superseding the judgment without the necessity of filing a supersedeas bond. Article 1174, V.A. C.S.; *Stovall*, supra; City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638 (1939); Port Arthur Independent School District v. Gary, 364 S.W. 2d 446 (Beaumont, Tex.Civ.App., 1963, original proceedings). But, cf. City of Beaumont v. Stephenson, 107 S.W.2d 915, 916 (Beaumont, Tex.Civ.App., 1937, error dism.).

We do not hold that the action taken by the City Council with reference to the notice of appeal was void simply because Councilman Hager participated therein, although appellees so contend. No legal disqualification to the participation of the other four members of the City Council has been suggested and none appear to us. But, when Councilman Hager's vote is subtracted from the otherwise legal votes cast upon the question of adoption of the resolution—as we are required to do since his was an illegal vote—the resolution authorizing the appeal was not adopted. A majority vote for the adoption of the resolution was required for it to be effective. A majority vote was not cast, so the resolution failed.

But, it is suggested that Councilman Hager was a party defendant in the suit, gave notice of appeal and filed an appeal bond. If it were only the matter of the sufficiency of the bond, either as to form or otherwise, when considered in conjunction with the disavowals of Mayor McNicholas and Councilman Ritter, we might be inclined to agree with Counsel. Duncan v. Adams, 210 S.W.2d 180, 182 (Beaumont, Tex.Civ.App., 1948), affirmed, sub. nom. Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599 (1948).

The question is far more fundamental than a mere defect in the bond, for that could be amended and corrected even now and in this court. Rule 430, T.R.C.P.; Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141, 142 (1943).

■ Councilman Hager who seeks to invoke our jurisdiction was not a party except as an official of the City of Beaumont. We have demonstrated that he was not sued as an individual and he did not seek to intervene as an individual. The *right* of Councilman Hager, as an individual party, to intervene is in no manner before us and we express no opinion thereon. He is *not* before us as an individual. The City Council can act only as a body, not as a group of individuals [Webster v. Texas & Pac. Motor Transport Co., 140 Tex. 131, 166 S.W.2d 75, 77 (1942)], and the action of Councilman Hager in attempting to appeal was personal, not official action. As an individual, he had no standing to appeal from the judgment.

■ The authority of any public official to act must always be determined by the law under which he purports to act. Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660, 663 (1935). Messrs. Seale and Fears, as one-half of the lawful voting strength of the City Council, could not authorize an appeal and Councilman Hager could not, as we have pointed out, even participate therein. The notice of appeal which we find in our record is, therefore, a nullity and confers no jurisdiction upon this court. *Webster,* supra.

In Lone Star Finance Corporation v. Davis, 77 S.W.2d 711, 714 (Eastland, Tex. Civ.App., 1934, no writ), the court said:

"It is a matter of first consideration of any court to determine its own jurisdiction of a case, and, if a lack of jurisdiction appears, as a matter of law, the court should dismiss the case without passing upon any other issue presented, whether of law or fact."

See also: Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1071 (1926); Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933); 21 C.J.S. Courts § 35, p. 44.

It follows, therefore, that the motion of appellees to dismiss the appeal, being well taken, is sustained and the appeal is dismissed.

Appeal dismissed.

## ON REHEARING

■ Appellees have filed a motion to dismiss the cause on the grounds of mootness, attaching thereto a certified copy of the minutes of the meeting of the City Council of the City of Beaumont, wherein the City Council did, on October 1, 1969, pursuant to the order of the District Court, order that the election be held on November 1, 1969. Ordinarily, when a cause becomes moot while upon appeal, the correct order for entry is that of reversal of the judgment of the cause and dismissal thereof. Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958). However, we have not acquired jurisdiction to hear and determine this cause upon the merits and the entry of any order other than the one of dismissal which we entered originally would be to exercise jurisdiction where none exists. This we decline to do. Roeser v. Bellmer, 7 Tex. 1, 2 (1851); Wadsworth v. Chick, 55 Tex. 241, 242, 243 (1881). Appellees' motion to dismiss the cause because of mootness is overruled.

Having considered appellants' motion for rehearing, the same is overruled.