

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
...uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 21, 1984

Mr. Elof H. Soderberg
General Manager
Lower Colorado River Authority
P. O. Box 220
Austin, Texas    78767

Opinion No. JM-172

Re:  Statutory disqualifica-
tions for Lower Colorado River
Authority board membership

Dear Mr. Soderberg:

You question whether certain fact situations would prevent persons from becoming members of the Board of Directors of the Lower Colorado River Authority.

The Lower Colorado River Authority, also known as the LCRA, was created by Acts 1934, Forty-third Legislature, 4th Called Session, chapter 7, at 19, pursuant to article XVI, section 59 of the Texas Constitution. The Lower Colorado River Authority Act, previously codified as article 8280-107, V.T.C.S., has not been repealed, but it was not included as a part of the Texas Water Code enacted in 1971. Consequently, the session laws must be consulted to determine its provisions.

The Act was amended in its entirety in 1975. Acts 1975, 64th Leg., ch. 74, at 179. Section 1 thereof, as amended, constitutes the LCRA a conservation and reclamation district consisting of that part of the state included within the boundaries of the counties of Blanco, Burnet, Llano, Travis, Bastrop, Fayette, Colorado, Wharton, San Saba and Matagorda. Section 4(a), as amended by Acts 1983, Sixty-eighth Legislature, chapter 484, article IV, at 2838, governs the appointment and eligibility of its directors. It reads in part:

> Section 4.  (a)  The powers, rights, privileges and functions of the district shall be exercised by a board of 15 directors . . . . <u>No person shall be eligible for such appointment if he has, during the preceding three years before his appointment been employed by an electric power and light company, telephone company, or any other utility company.</u>  (Emphasis added).

You ask whether persons in the following situations are ineligible because of a conflict of interests to serve on the LCRA board of directors:

(1) public officials or employees of cities served by the LCRA with electric power pursuant to contract; and

(2) board members or employees of wholesale electric power and energy cooperatives served with power by the LCRA pursuant to contract.

You also ask if a wholesale electric power and energy cooperative would be a "utility" within the section 4(a) provision.

Ordinarily, a mere "conflict of interest" (i.e., a conflict created by the private pecuniary interest of a public officer or employee) will not make a person legally ineligible for a public office or position, although the existence of such a conflict may make it illegal on occasion for a public officer or employee to exercise his public authority. See Hager v. State ex rel. TeVault, 446 S.W.2d 43 (Tex. Civ. App. – Beaumont 1969, writ ref'd n.r.e.); Attorney General Letter Advisory No. 13 (1973). See also City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm'n App. 1933, holding approved); Delta Electric Construction Co., Inc. v. City of San Antonio, 437 S.W.2d 602 (Tex. Civ. App. – San Antonio 1969, writ ref'd n.r.e.); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. – Eastland 1925, no writ). On the other hand, "incompatibility" prevents one person from holding two governmental posts if the positions are incompatible. The conflict in an "incompatibility" situation is not between an officer's private interests and his public duty, but rather between two inconsistent public duties. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927); Attorney General Opinions JM-97 (1983); MW-170 (1980); Attorney General Letter Advisory Nos. 114 (1975), 86 (1974).

In our opinion, members of the board of directors of the authority and persons holding offices in the governments of cities contracting with the authority occupy incompatible posts. A person occupying dual positions would be bound to serve faithfully two public entities with conflicting or potentially conflicting interests. See Attorney General Opinion MW-170 (1980). Every action taken in one capacity that might in some way affect the interests of the other public loyalty would necessarily require a compromise of that officeholder's public duty, since it is the duty of a public officer to advance the interests of the public entity he serves at all times. Thomas v. Abernathy County Line Independent School District, supra.

In some instances a city employee, as well as a city officer, might be required either to slight his public duty of allegiance to the city and obedience to his city superiors, or to subordinate the interests of the authority he purportedly serves. See Attorney General Opinion H-727 (1975). It is the ever-present potential for an impasse of public obligations that makes positions incompatible. Cf. Attorney General Opinion H-10 (1973). Since you have not asked about

specific city employments, we do not address any particular fact situation.

Persons who assume an office incompatible with a position or office already held ipso facto vacate the first position or office. See Attorney General Opinion JM-97 (1983). We are aware that in Attorney General Letter Advisory No. 31 (1973), it was suggested that the doctrine of incompatibility is not applicable to river authorities because they could be considered embraced within the term "soil and water conservation districts" as used in article XVI, section 40 of the Texas Constitution, amended in 1972. That provision specifies that "nothing in this Constitution" shall prevent directors of soil and water conservation districts from holding at the same time any other office or position of honor, trust or profit, and makes the doctrine of incompatibility inapplicable to them. See Attorney General Opinion MW-403 (1981). In our opinion, however, river authorities do not constitute "soil and water conservation districts" within the meaning of article XVI, section 40.

As Attorney General Opinion MW-403 indicates, distinct governmental subdivisions denominated "soil and water conservation districts" have been created by article 165a-4, V.T.C.S., the State Soil Conservation Act now codified as chapter 201 of the Agriculture Code of Texas. Such districts, in existence since 1939, were originally called "soil conservation districts." Acts 1939, 46th Leg., ch. 3, at 7. The name was changed in 1965. Acts 1965, 59th Leg., R.S., ch. 176, at 370. When the constitutional amendment was proposed in 1971 referring to "soil and water conservation districts" in article XVI, section 40, the term clearly had reference to particular governmental units other than river authorities. See S.J.R. No. 29, Acts 1971, 62nd Leg., at 4133. We conclude that the proviso of article XVI, section 40 of the Constitution is not applicable and that officers and employees of cities contracting with the Lower Colorado River Authority who occupy incompatible stations cannot become directors of the Lower Colorado River Authority without relinquishing their city positions.

While officers and employees of most private corporations contracting with the LCRA are not barred from becoming LCRA board members by the common law "conflicts of interests" doctrine, officers and employees of "utility companies" are statutorily made ineligible for the board by section 4 of the Lower Colorado River Authority Act. In our opinion, wholesale electric power and energy cooperatives constitute "utility companies" within the meaning of the statute.

Persons who had been employed within a preceding three-year period by a utility company "of any kind or character whatsoever" were barred from appointment as directors by section 3 of the original 1934 act creating the LCRA, and we do not think the legislatures that amended the act in 1975 and 1981 intended any change in that respect. Except for omitting the somewhat superfluous "of any kind or

character" phrase, the language of the prohibition remains the same. "Company" is a term broad enough to encompass cooperative associations. See Bus. & Comm. Code §36.02(2); V.T.C.S. art. 1396-50.01; Webster's New Collegiate Dictionary 226 (1979).

We are therefore of the opinion that persons who are or have been (within three years) officers and employees of wholesale electric power and energy cooperatives are specifically made ineligible by the Lower Colorado River Authority Act for appointment to the LCRA board.

S U M M A R Y

Officers and employees of wholesale electric power and energy cooperatives are ineligible for appointment to the Board of Directors of the Lower Colorado River Authority. Officers and employees of cities with whom the LCRA contracts to provide power are not ineligible for board membership, but will automatically vacate their city posts by accepting an incompatible office.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood