

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 11, 2015

The Honorable Elton R. Mathis
Waller County Criminal District Attorney
645 12th Street
Hempstead, Texas 77445

Opinion No.    KP-0016

Re: Payment of attorney's fees for members of a county commissioners court under criminal investigation for potential violations of the Open Meetings Act (RQ-1228-GA)

Dear Mr. Mathis:

You ask two questions about the payment of attorney's fees for current and former members of the Waller County Commissioners Court who were under criminal investigation for potential violations of the Open Meetings Act.[1] You state that after a criminal complaint was filed alleging the violations, the county criminal district attorney's office[2] recused itself from the matter. Request Letter at 1. The commissioners court "voted to retain counsel to defend county officials who may be subject to claims or litigation for actions arising from the performance of a public duty in which the public interest requires a defense of such matters." *Id.* at 2–3. Special prosecutors presented their investigation to the grand jury, which declined to return indictments against the commissioners. *Id.* at 2. Thereafter, the commissioners court voted to approve payment of legal fees for defending county officials who were the subject of the claims and the investigation. *Id.* In its order, the commissioners court found that: (1) the allegations implicated county officials in civil or criminal investigations concerning the performance of their public duties; (2) the public interest in the matter "required a vigorous defense"; (3) the district or county attorneys could not provide representation because of a conflict of interest; (4) the defense required outside representation; and (5) the criminal investigation "concluded with no findings of

---

[1]*See* Letter from Honorable Elton R. Mathis, Waller Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 6, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]The Waller County Criminal District Attorney has all of the duties that the law assigns to Texas county and district attorneys. TEX. GOV'T CODE ANN. § 44.337(a)–(b) (West 2004).

misconduct." *Id.* Subsequently, the current and former commissioners submitted invoices they had received from the defense counsel for payment by the county. *Id.*[3]

You first ask whether section 157.901 of the Local Government Code authorizes the payment of attorney's fees for a criminal investigation that did not result in any criminal charges filed. Request Letter at 1. Under subsection 157.901(a), a "county official or employee sued by any entity . . . for an action arising from the performance of public duty is entitled to be represented by the district attorney of the district in which the county is located, the county attorney, or both." TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008). Subsection 157.901(b) requires a commissioners court to employ and pay private counsel for a representation under subsection (a) when "additional counsel is necessary or proper," or "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee." *Id.* § 157.901(b). A court of appeals has determined that subsection 157.901(b)'s reference to criminal charges concerns circumstances that require a county to employ private counsel to represent its officials and employees in civil, not criminal, matters. *White v. Eastland Cnty.*, 12 S.W.3d 97, 102 (Tex. App.—Eastland 1999, no pet.). Section 157.901 does not address county authority to provide legal representation to its officials and employees in criminal matters. *See White*, 12 S.W.3d at 102.

As the court in *White* recognized, however, a commissioners court has general authority to employ private attorneys in the absence of constitutional or statutory limitations. *Id.* at 100 (stating that a county's "implied powers include the authority to contract with experts when necessary, including attorneys"); *see also Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863–64 (Tex. 1993) (determining that a commissioners court may employ attorneys provided that doing so does not usurp other officials' statutory duties); Tex. Att'y Gen. Op. No. JM-1276 (1990) at 11 (stating that, with respect to counties, section 157.901 "does not supplant the common-law rule"). This office has summarized the standards that a court would likely utilize when reviewing the payment of criminal defense fees:

> Provided that the official or employee is not found guilty, the commissioners court may reimburse criminal defense costs upon its determination that the prosecution was for an act performed in the bona fide performance of official duties and that the expenditure will serve a public interest and not merely an officer's or employee's private interest.

---

[3]If a governmental body's actions are determined to violate the Open Meetings Act, they are voidable and subject to being set aside by judicial proceeding. *See* TEX. GOV'T CODE ANN. § 551.141 (West 2012); *Smith Cnty. v. Thornton,* 726 S.W.2d 2, 2–3 (Tex. 1986).

Tex. Att'y Gen. Op. No. GA-0523 (2007) at 4.[4]   Whether employing legal counsel in such circumstances "implicates a legitimate public interest is a question of fact to be resolved by the political subdivision's governing body in the first instance." Tex. Att'y Gen. Op. No. JC-0047 (1999) at 3; *White*, 12 S.W.3d at 104 (determining that whether a county will provide criminal counsel to its officers or employees in appropriate circumstances is a matter "of governmental policy and discretion"). Accordingly, a county has the authority to pay attorney's fees for a member of a commissioners court who sought legal representation for a criminal investigation that did not result in any criminal charges filed, provided that the commissioners court determines, subject to judicial review, that the payment will serve a public interest and not merely the member's private interest.

While a county may have the authority to pay for the criminal defense of county officials in principle, you also ask whether individual members of a commissioners court who were under criminal investigation may vote on the approval of county payment of their own attorney's fees and the fees of other commissioners subject to the investigation. Request Letter at 1. As a matter of public policy, a public official may not cast the deciding vote in a matter in which the official has a direct, personal interest. *Hager v. State ex rel. TeVault*, 446 S.W.2d 43, 49–50 (Tex. Civ. App.—Beaumont 1969, writ ref'd n.r.e.). This office determined in a prior opinion that public policy precluded a city council member who had been indicted for violating the Open Meetings Act from voting not only on county payment of attorney's fees for the member's own defense but also on payment of attorney's fees for the defense of other council members indicted for the same offense. Tex. Att'y Gen. Op. No. JC-0294 (2000) at 1–4. The opinion observed that it would "be extremely difficult for any of the indicted council members to make a disinterested determination as to the other council members indicted for the same offense." *Id.* at 3. Following the same reasoning, a court would likely conclude that public policy precludes a member of a commissioners court under criminal investigation from voting on county payment of the member's criminal defense fees or the fees of other members subject to the same investigation.[5]

---

[4]Citing Attorney General Opinion JC-0294, you suggest that a county may not pay for counsel to provide criminal defense services to a county official unless charges are filed and the official is found not guilty. Request Letter at 3–4. In that opinion, city officials had been indicted, and because "[t]he city may not pay the expenses of an official who is found guilty of the charges [, the city council] must therefore defer its decision to pay the legal expenses until after disposition of the charges." Tex. Att'y Gen. Op. No. JC-0294 (2000) at 9. The opinion should not be read as precluding the payment of attorney's fees for services rendered in a criminal matter that concludes favorably at the grand jury stage.

[5]You do not ask and we do not address the authority of members of a governing body who are not subject to criminal investigation to approve payment of attorney's fees for other members who are under criminal investigation. *Cf.* Tex. Att'y Gen. Op. No. GA-0554 (2007) at 2 (stating that generally a proposition is enacted if it receives "a majority vote of the members present and voting at a meeting where a quorum is present" (citation and quotation marks omitted)); *Comm'rs Ct. of Limestone Cnty. v. Garrett*, 236 S.W. 970, 973 (Tex. Comm'n App. 1922, judgm't adopted) (stating that the "general rule is that, in the absence of an express [statutory] provision to the contrary, a proposition is carried in a deliberative body by a majority of the legal votes cast").

## S U M M A R Y

A county has the authority to pay attorney's fees for a member of a commissioners court who sought legal representation for a criminal investigation that did not result in any criminal charges filed, provided that the commissioners court determines, subject to judicial review, that the payment will serve a public interest and not merely the member's private interest.

A court would likely conclude that public policy precludes a member of a commissioners court under criminal investigation from voting on county payment of the member's criminal defense fees or the fees of other members subject to the same investigation.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee